IRWIN, Respondent, v. TAUBMAN, Appellant.

(139 N. W. 115.)

1. **Pleading—Bill of Particulars—Libel and Slander—Common Law.**
   Under Sec. 135, Code Civ. Proc., as well as at common law, the court has the same power to require defendant to file a bill of particulars in an action for a libelous publication as it has in actions on account.

2. **Bill of Particulars—Showing For—Timely Objection to Showing**
   An objection that plaintiff's showing was insufficient to justify granting his motion for bill of particulars from defendant, will not be considered on review when not made below.

3. **Pleading—Libel and Slander—Right to Bill of Particulars—Contents of Bill of Particulars.**

·   Where, in an action for a libelous publication that charged plaintiff with agreeing with agents of a party on trial to influence the jury, of which plaintiff was foreman, to acquit such party, and with bringing about an acquittal pursuant to such agreement, defendant pleaded the truth of such publication and that the story and the transaction had often been told him, plaintiff was entitled to a bill of particulars giving the names of such agents, but was not entitled to be informed of the names of the persons who had told defendant the story.

(Opinion filed December 14, 1912.)

Appeal from Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

Action by W. E. Irwin against T. W. Taubman, for damages for an alleged libelous publication in defendant's newspaper concerning the plaintiff.   From an order requiring defendant to serve a bill of particulars, he appeals.   Modified and affirmed.

*H. E. Hitchcock,* and *Brown & Brown,* for Appellant.

A bill of particulars is referred to but once in the Code.   In section 135, Code Civ. Proc. we find, "* * *; and the court may in all cases order a bill of particulars of the claim of either party to be furnished."   As to the nature and office of a bill of particulars, therefore, we must go to the books and cases.

"A bill of particulars is an amplification of a matter set forth in the pleading."   3 Enc. Pl. & Pr. 518.

"The office of a bill of particulars is to apprise the opposite party of each item or specific proposition for which the pleader contends in respect of any issuable fact."   13 Enc. Pl. & Pr. 92.

"The proper office of a bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action or defense for which the pleader contends in respect of any material or issuable fact in the case, and which is not specially set out in his pleading without great prolixity. It is properly an amplification of the pleading designated to make more specific general allegations appearing therein, and thus avoid a surprise at the trial."   31 Cyc. 565.

"Formerly a bill of particulars could be secured only in actions for demands of money, and we think that the section of the Code above referred to, contemplated an application therefor only in such actions.

"A bill of particulars of a statement of account is a matter of right in an action founded upon an account," under section 135 Code of Civil Procedure, but we think the provision "and the court may in all cases" is not general in its meaning, but refers only to those actions which are contemplated by the preceding language of the section. The party is entitled to the bill of particulars as a matter of right, and if the adverse party does not furnish it on demand "the court may in all (such) cases order" it. This view of the provision is borne out by the grammatical construction, the full sentence is, "the court or judge thereof may order a further account when the one delivered is defective; and the court may in all cases order a bill of particulars of the claim of either party to be furnished." The provision in question is a part of a sentence, the first part of it refers clearly to actions founded on contract only; it is separated from that part of the sentence only by a semi-colon, and by all fair rules of grammatical construction the last part of the sentence ought not to include within its scope cases of all classes when the first part included cases of a special class only.

Furthermore, it is a bill of particulars of the claim of either party which is to be furnished; in the intrinsic and primary meaning connoted by the word "claim" is a demand of something as a right. Webster's Dictionary and Standard Dictionary.

As used in the sentence under consideration the word must be taken as being applied to actions arising out of contract and founded on an account, and in such actions the court may in all cases order a bill of particulars. See in this connection the case of Roberts v. Vornholt, 26 N. E. 207 (Ind.).

We are aware that the courts in New York state have taken a different view of the effect of a similar provision in the Code of that state, and have held that the phrase *in all cases* should be construed in the broadest meaning of the word "all."

But we think this view gives too little regard to acknowledged rules of construction.

Did it have such power independent of the statute? On this question the decisions are in conflict, although the prevailing opinion seems to favor the power to order a bill of particulars in actions of tort and specifically in libel actions, in favor of both plaintiff and defendant. This view is founded chiefly on English

cases, however, and in New York, where bills of particulars seem to be used most frequently, they depend on a statute similar to the one above referred to, and Indiana holds that the court has no power to order a bill of particulars in an action arising out of a tort. Lemmon v. Moore, 94 Ind. 40; Roberts v. Vornholt, supra.

While, therefore, we are not prepared to say that the court has no power to make such an order in actions sounding in tort, we do contend that such power is doubtful.

But even assuming the court had the power to make such an order, it was error to make it in this case. Here a bill of particulars was not a matter of right, but a matter within the discretion of the court, upon proper application by the plaintiff. The plaintiff failed to make proper and sufficient application. Doubtless the learned counsel for the plaintiff thought that in an affidavit covering nearly four pages they had stated all the essential features. We shall enumerate them briefly:

1. The application must be made on motion. 3 Enc. Pl. & Pr., 520; 31 Cyc. 583.

2. Motion must be accompanied by an affidavit (usually of the party). 3 Enc. Pl. & Pr. 521; 31 Cyc. 585, and cases cited,

3. The affidavit should allege substantially that the party has no knowledge or means of knowledge respecting the matters of which a bill of particulars is asked. 3 Enc. Pl. & Pr. 521; 31 Cyc. 585.

This rule is a direct result of the other rule that a party is not entitled to a bill of particulars if a matter is within his own knowledge.

4. The affidavit should show that the allegations concerning which particulars are asked are denied by the party asking. Talmadge v. Sanitary Security Co., 37 N. Y. Suppl. 177; Webster v. Fitchburg R. Co., 66 N. Y. Suppl. 220.

The affidavit accompanying the motion is defective in both particulars last referred to. We find that deponent "is ignorant of the particulars of the said claim made by the said defendant in his said amended answer as to who said agents of Lewis are or were;" and deponent further states that "he is ignorant of the claim so alleged by the defendant with referenec to said 'story has often been told * * *'" The only showing is that deponent is ignorant. It is surely possible that the deponent is ignorant,

and that at the same time he knows sources from which by mere inquiry he could learn the information desired or claimed to be desired. Means or sources of information as well as actual information must be negatived.

Furthermore, the plaintiff absolutely fails to deny any of the allegations concerning which he is seeking information. Surely the rule requiring denial is a most fair one, for it would be very unjust to defendant in this case to require him to furnish plaintiff with a bill of particulars concerning a situation which, for all the showing plaintiff has made, may have taken place exactly as alleged.

The court erred, therefore, in making the order appealed from because there was not a sufficient and proper application.

The order requires that "the defendant deliver to the plaintiff's attorney a bill of particulars duly verified of the demand for which this action is brought." This obviously requires an impossibility. How is the defendant to know the particulars on which the plaintiff based his claim; this is a matter which ought at least to be within plaintiff's knowledge, or that of his attorneys.

If the plaintiff does not know the particulars "of the demand for which this action is brought," the defendant can hardly be expected to know them.

Finally, the order requires, "A bill of particulars, * * * stating fully who the agents of said Lewis, mentioned in the defendant's amended answer were, wherein it is charged in the fourth paragraph of said amended answer and in subdivision two that the jury in the trial of the case of the Territory of Dakota v. Henry N. Lewis, in the district court of Aurora county, Territory of Dakota, were corruptly fixed and bribed to return a verdict of not guilty specified in said amended answer, that said payment was agreed upon in substance between the plaintiff herein and 'the agents of the said Lewis, let the bill of particulars specify who said agent or agents of Lewis was or were."

"Let the bill of particulars specify wherein in subdivision 3 of paragraph 4 of said amended answer it is charged in substance that 'the story has often been told to this defendant of how the acquittal in said action against Henry N. Lewis was brought about through the influence and negotiations of this plaintiff, wherein

said jurors were .corruptly fixed and bribed to return a verdict of 'not guilty.' Let the said bill of particulars specify the name or names of such persons claimed to have often made such state-ments to the defendant herein."

This is plainly not an order for the defendant to furnish a bill of particulars of his claim or defense, but is an order for him to furnish to the adverse party the details of the evidence by which he expects to support his defense, and the names of the witnesses whom he expects to give such .evidence, and it is well settled that a party will not be required to serve a bill of particu-lars where its only office would be to disclose the evidence on which he relies to support the allegations of his pleadings or to inform the adverse party of the names of· his witnesses.    See Vol. 2, ·Abbott's Brief on Pleadings, Secs. 142-143, and notes, pp. 1964-1966; Knipe v. Brooklyn Daily Eagle, 91 N. Y. S. 872.

*Preston, Wagner & Tym,* for Respondent.

The matter ·of granting or refusing an order for a bill of particulars is discretionary, and such discretion will not be re-viewed by the Supreme ·Court, unless there was an abuse of dis-cretion,—this proposition needs no authorities.

"Whether a bill of particulars shall, or shall not be ordered in a particular case, is a matter largely in the discretion of the trial court." Wilkawski v. Paramore, 93 N. Y. 467; Ferry v. King County, 26 Pac. 537 (Wash.).

It is important to carefully note the language of our statute in reference to requiring a bill of particulars.    Section 135 of the Code of Civil Procedure provides:    "The court or judge thereof may order a further account, when the one delivered is defective; and the court may in all cases order a bill of particulars of the claim of either party to be furnished."

This provision is a literal copy of section 158 of the New York Code, found in Waite's N. Y. Ann. Code, page 288.

Stress is laid upon the following words, contained in this section:    "And the court may in all cases order a bill of par-ticulars of the claim of either party to be furnished."

None of the other code states, as far as we can find, use the same language.    The construction placed thereon by the appellate court of New York is entitled to consideration.    Dwight et al. v. Germania Life Ins. Co., 84 N. Y. 493; Tilton v. Beecher, 17· Am.

Rep. 337, (N. Y.) ; West Virginia Transportation Co. v. Standard Oil Co., 56 L. R. A. 804 (W. Va.) ; Gary v. Eaton, Circuit Judge, 92 N. W. 774 (Mich.).

In torts a party may be required to show by a bill of ·particulars the demands, places, circumstances and the particular acts alleged as constituting the tort.  31 Cyc. 576; ·Woods v. Gledhill, 12 N. Y. S. 764; Van Olinda v. Hall, 31 N. Y. S. 495.

"A bill of particulars is to exemplify the pleadings and to make more minutely specific the claim or the defense set up by the other party, and another object is to prevent surprise by furnishing any information which a reasonable man would require, respecting matters against which he is called upon to defend himself."   Blackburn v. Washington Gold Mining Co., 53 Pac. 369 (Wash.).

"A bill of particulars is necessary when justice demands that a party shall be apprised of matters with greater particularity than is required by the rules of pleading."   Orvis v. Danna, 1 Abb. N. C. 268; Baylies' Code Pleading, 82; Liscombe v. Agate, 51 Hun 288; Butler v. Mann, 9 Abb. N. C. 49.

Our Code of Civil Procedure provides that the court may in any case direct a bill of particulars to be delivered to the adverse party.

"The power to order a bill of pariculars is an incident to the general authority of the court in the administration of justice.   It extends to all descriptions of actions when justice demands that a party should be apprised of the matter for which he is to be put for trial with more particularity than is required by the rules of pleading, and is not confined to actions upon demands for money made up of various items."   Baylies' Code Pleading, 82.

"A bill of particulars has been ordered in an action for libel, escape, ejectment, trover, slander and trespass."   Baylies' Code Pleadings, 83. Id. 84.

Plaintiff desires to reasonably· protect himself against surprise, not to impede the defense in this action in any way, but simply to require the defendant to apprise him of matters with greater particularity, so as to enable him to be prepared to meet the issues.

The court in its sound discretion determined that such a bill of particulars should be furnished as specified in this order.

The defendant contends that the affidavit is not sufficient—this we deny. The affidavit is sufficient to call into exercise the discretion of the court, and the court has acted upon it, it alleges a want of knowledge on the part of the plaintiff of the facts as to which he demands a bill of particulars.

In the case of Dwight et al. v. Germania Life Ins. Co., 84 N. W. at page 507, this matter is discussed.

WHITING, J.   Plaintiff brought this action seeking to recover damages which he alleged to have suffered through the publication by defendant, in a newspaper owned by defendant, of an article containing much which were certainly libelous in character.   In that part of the publication which is material to the questions presented to us, the plaintiff was accused with having, while engaged as foreman of a petit jury in the trial of an important criminal action wherein one Lewis was defendant, tampered with and wrongfully influenced the actions and verdict of the jurors whereby a verdict of "not guilty" was returned in favor of said Lewis; and said publication, after detailing to some extent the methods used in influencing the said jurors, alleged, "This rotten deal was 'put up' in the county treasurer's office, and Bill Irwin was picked to do the dirty work."   Defendant, answering, pleaded the truthfulness of the accusations contained in such publication, and in connection therewith alleged, with much detail, facts going to show the truthfulness of such publication; one of the said allegations being "that the corrupt transaction by which the said jury was induced to agree upon a verdict of acquittal was planned and agreed upon by the said plaintiff and *the agents of said Lewis."*   Defendant also alleged, with considerable detail, stories that had been told to him by different parties named, all of which would tend to show the truthfulness of the matters contained in such publication, and as a part of these allegations he alleged that *"the story has often been told* to this defendant in this cause of how an acquittal in said action was brought about through the influence and negotiations of the plaintiff in this action, who was the foreman of the said jury"; this allegation being followed by details of what had been told to defendant.   Plaintiff moved the trial court asking that defendant be required to serve and file a bill of particulars specifying in detail the name or names of the alleged "agents of said Lewis" with

whom plaintiff was charged to have entered into the corrupt transaction, and giving the name or names of the persons by whom *"the story has often been told * * *"* of how the acquittal * * * was brought about through the influence and negotiations of the plaintiff in this action." This motion was granted and an order issued requiring defendant to serve a bill of particulars specifying therein "who the said agent or agents of the said Lewis was or were" and "the name or names of such persons claimed to have often made the statements to defendant herein." It is from this order that the defendant has appealed.

[1] Appellant contends that there is no statutory authority authorizing a bill of particulars in an action of this nature—that section 135 of the Code of Civil Procedure relates to actions upon account only. Appellant concedes that the courts of the state of New York—from whose Code the above section was taken—have held that said section authorizes the ordering of a bill of particulars in any and all cases. Furthermore, appellant concedes that, according to the weight of authority, even at common law, the courts had the inherent power to grant an order requiring a bill of particulars whenever the court deemed it proper. We think, both under the statute as construed by the courts of New York—whose decisions we feel warranted in following—and also outside of the statute, the power is vested in the trial court to order bills of particulars in any case where a proper showing is made.

[2] Appellant further contends that this power, if vested in the court, is a discretionary one; and that, in the case at bar, it was an abuse of discretion to grant the order because the showing upon the motion was insufficient; and, lastly, that the order granted required what could not properly be required in a bill of particulars. So far as the contention that the showing made was insufficient is concerned, it is without merit, as it does not appear that any such question was raised before the lower court.

[3] The sole matter for our determination is whether the order of the trial court requires defendant to furnish information other than such as is contemplated by a bill of particulars.

A reading of the decisions of the various courts reveals a great diversity of views as to what is the true purpose of a bill of particulars. In some it would seem that, through a bill of particulars, a party could seek almost any information desired in

relation to his opponent's cause of action or defense and the means by which he expected to establish same; while under other decisions it is held that the particulars that can be secured are analogous to those that a proper bill of particulars should furnish in relation to an account—that these particulars should simply allege with more detail that which forms the basis of the cause of action or defense, or, as stated in 31 Cyc. 565: "The proper office of a bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action or defense for which the pleader contends in respect to any material or issuable fact in the case and which is not specifically set out in his pleadings, and which cannot, in many cases, be given in the pleading without great prolixity. It is properly an amplification of the pleading, designed to make more specific general allegations appearing therein, and thus avoid a surprise at the trial."

Perhaps no courts have been called upon to determine what constitutes a proper bill of particulars more frequently than have the courts of New York, and we believe that her courts have drawn the proper distinction between what is and what is not the proper subject-matter of such a bill, and in no case that has come to our attention has this been more clearly done than in the case of Ball v. Evening Post Publishing Co., 38 Hun, 11. This also was an action for libel brought against a newspaper, and based upon certain alleged false and scandalous publications derogatory to the character of plaintiff. The publications in question accused the plaintiff of having published and circulated false and scandalous statements of and concerning Grover Cleveland, who was then a candidate for the presidency. The answer, among other things, charged that plaintiff "and certain other false-minded persons" had confederated together in causing the publication of slanderous matters concerning said Cleveland; that they had caused to be published "divers false, scurrilous, vile and scandalous stories and charges;" that plaintiff was the pretended chairman of a certain political organization and, as such, had solicited funds from "various political parties and people and candidates for office"; and that, after the publication by plaintiff of the charges against Mr. Cleveland, the defendant, having ascertained from "trustworthy sources" the falsity of said charges, did then publish of and concerning the plaintiff the articles men-

tioned in the complaint. The plaintiff in said action, as did the plaintiff in the action at bar, asked for a bill of particulars, and the trial court granted the order appealed from therein, which order required the defendant to give the plaintiff the following particulars: (1) The names of the "evil-minded persons" with whom plaintiff was charged to have confederated. (2) The particulars of such "false, vile and scandalous stories and charges," specifying the dates when and the places where each of the same were published, how published, and the contents of each publication. (6) The names and residences of the "political parties and people and candidates" from whom plaintiff is alleged to have received or solicited subscriptions with the dates and amounts of their subscriptions. (7) The names and residences of the "credible persons" ["trustworthy sources"] from whom defendant claims to have ascertained the falsity of plaintiff's alleged charges, together with the times when said information was acquired.

The New York court discussed fully the question of the authority of the trial court to order a bill of particulars in a case of this nature, and, after holding that such court had the power, it then considered whether or not such power had been abused, and in considering that matters said: "The only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends, in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition. * * * To constitute a good answer, in justification, in an action of libel, it is not enough to allege that the alleged libelous matter complained of is true. At common law it is necessary to state the particular facts which evince the truth of the imputation upon the plaintiff's character, whether the imputation is of a general or specific nature. And as Chitty states the rule, it is necessary, although the bill contains a general imputation upon the plaintiff's character, that the plea should state specific facts, showing in what particular instances and in what exact manner he has misconducted himself. Ch. Pl. 494, 495. It was held in Wachter v. Quenzer, 29 N. Y. 547, that the substance of that rule was not abolished by the Code. But that rule requires only a statement of the necessary facts, and not of the evidence of those facts. The rule is the same in respect to pleading mitigating circumstances, since only such as are pleaded

can be proved. Old Code, § 165; Willover v. Hill, 72 N. Y. 36; New Code, § 536, and Troop's note to same. Tested by the rules above stated, the order appealed from, in our judgment, properly requires particulars of the alleged 'false, vile and scandalous stories and charges' referred to in the second clause of the order. It is not enough for the pleader thus to characterize the 'stories and charges,' but they should be set out, in order that the plaintiff may be apprised what he is to meet, and to that end the dates and places and manner of their publication, with the contents of each publication, should be stated. Besides, the publications should be set out, to enable the court to judge of their character, since upon their character depends the sufficiency of the justification. * * * So, also, the sixth clause is affirmed, which requires particulars of the names and residences of the persons, political parties, and candidates for office from whom the plaintiff is alleged in the answer to have received or solicited subscriptions or sums of money, and other particulars specified in that clause. All these matters, we conceive, are embraced by the rule above stated as to what an answer in justification should contain. But the first clause of the order which requires a statement of the names of the 'evil-minded persons' with whom the plaintiff is charged to have confederated for the purpose of publishing false stories, etc., calls for matters which, if not immaterial, are mere evidence. The material fact in that connection is the publication by the plaintiff of scandalous matter, and it is immaterial whether in causing such publication he acted alone or with confederates, and, if in the latter mode, the giving of the names of the confederates would be a mere disclosure of the evidence relied upon to prove the material allegation. * * *The requirement in the seventh clause that the defendant state the particulars therein specified respecting the 'sources' and 'credible persons' from whom he claims to have ascertained the falsity of the plaintiff's charges, etc., calls for mere evidence in respect to a matter not relating to the plaintiff's conduct."

Testing the answer in this case by the rules that guided the court in the case of Ball v. Evening Post Publishing Co., supra, what conclusion must we reach? It must be borne in mind that plaintiff was charged with two things, not only with tampering

with the jury of which he was foreman, but also with having, with the agents of Lewis, entered into a deal to corrupt such jury. Either one of such charges was libelous in character. If the first had been the only charge, then the truthfulness thereof would have been the only material issue, and it would have been the details regarding the tampering of the jury only, and not those pertaining to any previous deal or agreement made with other parties, to which plaintiff would have been entitled, either in the answer or in a bill of particulars. If such were the situation, then what the New York court said in relation to the first clause of the order before it would be directly in point, and plaintiff would certainly not be entitled to the names of the "agents of said Lewis," as this would be a matter wholly immaterial to the issue and at the best mere evidence. But as defendant had charged plaintiff with entering into the corrupt deal or transaction, which charge would have been libelous regardless of any charge that this deal or transaction had been carried out by plaintiff, the plaintiff was entitled to be informed as to who the persons were with whom it was claimed he had the transaction, just as the plaintiff in the New York case was entitled to know whom he was accused of taking political subscriptions from—it was a detail in relation to certain wrongful conduct charged against plaintiff. What the New York court said in relation to the "seventh clause" of the order before it is directly applicable to that part of the order before us wherein the court directs that the bill of particulars give "the name or names of such persons claimed to have often made the statements to defendant." This part of the order calls for mere evidence in respect to a matter not relating to the plaintiff's conduct.

The order appealed from should be modified by omitting therefrom the provision requiring defendant to reveal "the name or names of such persons claimed to have often made the statements to defendant herein," and, as so modified, it should be and is affirmed, without costs to either party.

HANEY, J., taking no part in the decision.