## FARMERS STATE BANK OF RICHARDTON, a Corporation, Respendent, v. JACOB WALTH, Appellant.

(248 N. W. 268.)

Opinion filed April 22, 1933.

*Otto Thress,* for appellant.

*Simpson, Mackoff & Kellogg,* for respondent.

BURKE, J. In the instant case a written demand was served upon the defendant for a bill of particulars, stating specifically the information desired. On order to show cause the application for a bill of particulars was resisted by the defendant and the court made its order requiring defendant to deliver to the plaintiff, within thirty days, a verified statement, specifying and describing each particular act, and all acts, of the plaintiff alleged in paragraph six of the answer of the defendant, which defendant alleged in paragraph six of his answer caused him to believe that the debt had been fully settled and discharged. It was further ordered that if said bill of particulars was not furnished within thirty days from the service of the order upon the defendant, then and in that event, paragraphs six, seven and eight of said answer may be, and shall be, stricken from the answer of the defendant by order of this court. The bill of particulars was not fur-

nished and upon application of the plaintiff an order was made striking out paragraph six of defendant's answer.

The granting or refusing of an order for a bill of particulars under § 7841, Compiled Laws 1913 is purely a discretionary matter with the trial court and will not be reviewed on appeal unless there has been a palpable abuse of discretion. Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798. The power is vested in the trial court to order bills of particulars in any case where a proper showing is made. Irwin v. Taubman, 30 S. D. 503, 139 N. W. 115, Ann. Cas. 1915C, 1263; 21 R. C. L. 480, § 43.

There was no abuse of discretion on the part of the trial court in ordering a bill of particulars and in striking out paragraph six of the defendant's answer on failure to comply with the order.

Affirmed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON and BURR, JJ., concur.