IN THE MATTER OF DELBERT KIDDER, JR. (ON REMAND)

1. PARENT AND CHILD—INFANTS—CHILD CUSTODY—WELFARE OF CHILD —PARENTAL RIGHTS.

   The predominant factor to be considered in a child custody case is the welfare of the child, although a parent does have significant rights in a child custody case.

2. PARENT AND CHILD—INFANTS—CHILD CUSTODY—PARENTAL RIGHTS —BEST INTEREST OF CHILD.

   A father's parental rights were properly terminated in the best interest of the child where the father by his own voluntary act resulting in his incarceration had removed himself from the family situation, where the father indicated an intent to resume his marriage with his wife who was derelict in her conduct toward the child and where, if custody were granted to the father, it would result in returning the child to the same environment which caused injuries to the child.

3. PARENT AND CHILD—INFANTS—RIGHTS OF CHILDREN.

   Children have rights as sacred and secure in law as parents; a license to bring children into the world is not a license to abuse them by omission or commission.

Appeal from Barry, Richard Robinson, J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 20551.) Decided May 30, 1975. Leave to appeal applied for and by order of the Supreme Court remanded to the probate court, 395 Mich 51.

Petition in probate court by the Barry County Department of Social Services requesting the court to take jurisdiction over Delbert Kidder, Jr., the minor son of Delbert Kidder, Sr., and Clara Kidder. The probate court terminated parental rights of the parents. Delbert Kidder, Sr., appealed to the

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 59 Am Jur 2d, Parent and Child § 8 *et seq.*

circuit court, which affirmed. Delbert Kidder, Sr., appealed by leave granted. Reversed and remanded, 59 Mich App 204 (1975). Delbert Kidder, Jr., appealed to the Supreme Court, which remanded to the Court of Appeals, 393 Mich 819 (1975). Affirmed.

*David A. Dimmers,* Prosecuting Attorney, for Barry County Department of Social Services.

*John F. Huntley,* for Delbert Kidder, Jr.

*Siegel & Hudson,* for Delbert Kidder, Sr.

Before: T. M. Burns, P. J., and Quinn and O'Hara,* JJ.

## On Remand

T. M. Burns, P. J. Defendant's parental rights in his child were terminated by an order of the Barry County Probate Court. The Barry County Circuit Court affirmed. In our initial decision in the instant case, reported at 59 Mich App 204; 229 NW2d 380 (1975), we reversed and remanded, holding that the probate court was without jurisdiction to enter the order terminating parental rights. Thereafter, the Supreme Court granted leave to appeal and remanded the instant case for our consideration of those issues addressed by the parties. Pursuant to that mandate, we now consider those issues.

Defendant raises two issues on appeal. First, defendant argues that the father of a child, by

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

virtue of his commission of a criminal offense resulting in his incarceration, is not guilty of such conduct as would authorize a probate court of this state to terminate his rights as a parent under the juvenile code[1] of this state. Secondly, defendant asserts that his expression of an intent to reconcile with his wife does not constitute such conduct as would justify termination of his parental rights.

The probate court terminated defendant's parental rights in his child because "he [had] by his own voluntary act removed himself from the family situation where he could give care or provide for suitable custody for this child". The probate court found that defendant had been derelict since, by causing himself to be removed from the home situation, he had caused the child to be neglected by its mother.

The circuit court, in affirming the probate court's termination order, concluded that while defendant's incarceration was, by itself, insufficient to warrant termination of defendant's parental rights, his incarceration plus his intended reconciliation with his wife was sufficient. We agree.

Our review of the transcript of the hearing conducted in probate court reveals that both the defendant and the mother indicated a desire to resume their marital relationship after defendant's release from the Michigan Department of Corrections. By indicating an intent to resume his marriage with his wife, defendant condones her derelict conduct toward the child. It is our opinion that such conduct by the defendant would, if custody of the child were granted to him, result in returning the child to the same environment which caused his injuries. As far as defendant is

[1] Chapter XIIA of the Michigan Probate Code; MCLA 712A.1-.28; MSA 27.3178(598.1–598.28).

concerned, such conduct would make the child a neglected child under the provisions of the act.

Although a parent, such as defendant, does have significant rights in child custody cases, the overwhelmingly predominant factor to be considered in such cases is the welfare of the child. In our opinion, the interests of this child would be best served by the termination of defendant's parental rights. Finding no basis upon which to disturb the order of the circuit court, we affirm that order.

We wish to respond briefly to a question posed by the attorney for Delbert L. Kidder, Jr., in his appellate brief. He asks whether a child has rights at least equal to those of his or her parents, without regard to the conduct of the parents. We can think of nothing which could answer this question better than the statement made by Judge O'HARA in his dissent to our original opinion in this case. Judge O'HARA said at 59 Mich App 212; 229 NW2d 384 (1975):

"Children have rights as sacred and secure in law as parents. A license to bring children into the world is not a license to abuse them by omission or commission."

The order of the circuit court affirming the permanent termination of defendant's parental rights in his son is hereby affirmed.