In the Matter of the Dependency and Neglect of V. D. D., H. P. D., L. J. D., and L. G. D.

No. 12139.

Supreme Court of South Dakota.

Argued April 14, 1978.
Decided April 26, 1979.

Rebecca Janowitz, South Dakota Legal Services, Mission, for appellant mother; John Carroll, Deborah A. Fisher, Anita M. Remerowski, Gary R. Thomas, South Dakota Legal Services, Mission, on the brief.

Peter · Lieberman, Asst. Atty. Gen., Pierre, for respondent State of S. D.; William J. Janklow, Atty. Gen., Janice C. Godtland, Asst. Atty. Gen., Pierre, on the brief.

HENDERSON, Justice (on reassignment).

This is an appeal from a decree of disposition terminating all of Appellant E.D.'s parental rights. We affirm.

E.D., a forty-eight year old full blooded Indian, is the mother of twelve children. Four of these children, V.D.D., H.P.D., L.J.D., L.G.D., are the subject of this appeal. The other eight children are not pertinent to this appeal. When this suit was initiated the four children were under the age of ten.

E.D.'s parental rights were terminated after the court found that her children were dependent and neglected within the meaning of SDCL 26–8–6. E.D. claims that this statute is unconstitutionally vague. She ar-

gues that the right to establish and maintain a family is fundamental; consequently, statutes affecting fundamental liberties must contain ascertainable, clear, and unambiguous standards. We find no fault with these latter general premises of law.

The standard that E.D. feels is particularly vague is that of "proper care." She argues that its elements are undefined leaving judgments regarding "proper care" in the hands of judges. Even administration of the statute is impossible, she believes, especially in the cross-cultural, cross-class situation involved in her case.

■ The constitutionality of SDCL 26–8–6 has withstood attack on at least three occasions. *Matter of D.T.,* 89 S.D. 590, 237 N.W. 2d 166 (1975), *People in Interest of D.K.,* S.D., 245 N.W.2d 644 (1976), *Matter of N.J.W., N.G.B., and K.F.B.,* S.D., 273 N.W.2d 134 (1978). In *N.J.W.,* supra, we reiterated the holdings of *D.T.,* supra, and *D.K.,* supra. We do so again: SDCL 26–8–6 does provide adequate standards from which an average intelligent person can regulate his conduct. This statute conveys a sufficiently definite warning as to proscribed parental conduct to such an extent that the statute is not unconstitutionally vague. It is not necessary that this statute, which defines a neglected or dependent child, cover all possible parental mistreatment. *D.T., supra; D.K.,* supra. Due process requires no more. *United States v. Petrillo,* 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.

■ Enactments of the legislature should be upheld unless they are clearly and unmistakably unconstitutional. *City of Rapid City v. Rensch,* 1958, 77 S.D. 242, 90 N.W.2d 380; *Crowley v. State,* S.D., 268 N.W.2d 616 (1978); *State v. Reininger,* 59 S.D. 336, 239 N.W. 849 (1931); *Matter of D.T.,* supra.

■ Of whatever race or creed, parents simply cannot do with their children as they please. The state has a legitimate interest in separating neglectful parents from their children. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Matter of Kidder,* 61 Mich.App. 451, 233 N.W.2d 495 (1975). This is not a case where there is

an unconscious projection of proper child rearing values of one culture and class upon a different and less materially endowed class. The fact that E.D. is an Indian and poor does not excuse leaving her children unattended for days while she is on a drinking binge. As we said in *N.J.W.,* supra,

Appellants seek to lay the blame for the children's condition onto poverty and an alien culture rather than neglect. We would be blind to reality if we did not recognize that excessive consumption of alcohol is a problem of an alien culture to many ethnic groups, including native Americans, seeking to conform cultural values of the past to the stress of modern living. Just as many others turn to alcohol to find relief from the struggle, so do native Americans. The poverty and neglect that flow from dissoluteness and profligacy are common to all races and demand action to protect the innocent victims. The children involved here are not second-class citizens who are entitled to less protection than their non-Indian neighbors. . . . 273 N.W.2d at 140.

Appellant next contends that the trial court abused its discretion in denying the Appellant's motion for a Bill of Particulars. We disagree. In this regard, SDCL 26–8–30 provides that all adjudicatory hearings in dependency and neglect cases shall use the Rules of Civil Procedure.

*Irwin v. Taubman,* 30 S.D. 502, 139 N.W. 115, (1912) held that there was no statutory authority under the Rules of Civil Procedure for a Bill of Particulars, but that the trial judge of common law had the inherent power to grant orders requesting Bills of Particulars. With the advent of SDCL 15–6–12(e) which serves the same purpose as a Bill of Particulars, the common law rule is no longer available in South Dakota.

■ SDCL 15–6–12(e) provides that a Motion for More Definite Statement must be made before interposing a responsive pleading. This statute provides that "the motion shall point out the defects complained of and the details desired." Appellant's motion for Bill of Particulars did point out the defects complained of and the

details desired. There were no supporting affidavits or accompanying documents in support of said motion. The record reflects in this case that it was on August 22, 1975, that the petition alleging dependency and neglect was filed. The trial court entered an order giving the Department of Social Services temporary custody of the children until September 5, 1975, when an adjudicatory hearing would be held. Appellant's attorney dated the Bill of Particulars on the 12th day of September, 1975, and this was filed of record as of September 17, 1975. On September 19, 1975, an order was entered declaring the children to be dependent and neglected. The trial court deemed, under these circumstances, that the motion for a Bill of Particulars had not been timely filed. This court holds that the trial court did not abuse its discretion in denying Appellant's motion for a Bill of Particulars because the motion was not filed five days before the adjudicatory hearing. See SDCL 15–6–6(d) which requires that a written motion should be served not later than five days before the time specified for the hearing and which further requires that motions be supported by affidavit. An objection must be timely made or it is forever waived. The trial court did not err because the motion was not filed five days before the adjudicatory hearing. See: *Main v. Professional and Business Men's Life Ins. Co.,* 80 S.D. 288, 122 N.W.2d 865 (1963).

E.D. next maintains that the trial court erred in denying her request that the least restrictive alternative be ordered before terminating her parental rights. We cannot agree. The Department of Social Services and the trial court, throughout the duration of this action, made every effort to save the family unit. Their efforts were compassionate and vented towards rehabilitation.

■ To this end, social workers found housing for E.D. and attempted to work with her to help her provide an adequate home life. They aided E.D. in receiving alcohol treatment. She discontinued treatment, evaded the workers, drank intoxicants, and left the children to their own devices. The court, after the adjudicatory hearing, allowed two of the children to remain with E.D. until circumstances warranted their removal. All efforts to help E.D. failed; the Department of Social Services and the trial court cannot force services and aid upon unwilling individuals. After that, no narrower or less restrictive means of providing for the best interests of the children remained other than terminating E.D.'s parental rights. See *N.J.W., supra.*

■ E.D. contends that SDCL 26–8–6 allows the destruction of the family unit without a showing of harm to the child; due process, she believes, requires a certain threshold of harm to the child to justify termination. In *D.K.,* supra, however, we said that:

> In balancing the interests, there must be a showing of neglect or dependence by a preponderance of the evidence. While SDCL 26–8–6 defines neglect or dependence in terms of parental conduct or home environment, we must also focus our attention on the harm to the child. Absent evidence of potential harm, the state's interest in protecting the child is outweighed by the legitimate parental interest in retaining custody of the child. 245 N.W.2d at 650.

In this case, harm to the children was shown and the family was not arbitrarily destroyed.

■ E.D.'s final claim is that the evidence was insufficient to support a finding of dependency and neglect. The statute mandates that a petition for dependency and neglect be supported by a preponderance of the evidence. We cannot set aside the trial court's findings of fact unless they are clearly erroneous and we are, after a review of all the evidence, left with a definite and firm conviction that a mistake has been made. SDCL 15–6–52(a); *In Re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970); *Cunningham v. Yankton Clinic, P.A.,* S.D., 262 N.W.2d 508 (1978); *Schutterle v. Schutterle,* S.D., 260 N.W.2d 341 (1977); *The Collegian v. Hilemen,* 88 S.D. 601, 226 N.W.2d 163 (1975); and *Zenith Radio Corp. v. Hazeltine Research,*

*Inc.,* 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129. We hold that the findings of the trial court were not clearly erroneous.

The trial court found that E.D. suffered from alcoholism causing her to leave the children alone, without supervision, and without food. Her drinking prevented her from caring for the children, maintaining a permanent residence, and seeing to the children's educational needs. In fact, Appellant had no home at the time of dispositional hearing on June 16, 1976. We have carefully reviewed the record and see no reason for upsetting these findings. The evidence discloses the mother simply failed to provide proper parental care. Her past oblivious conduct towards her children speaks more loudly at this time than her present appellate entreaty.

The judgment is affirmed.

All the Justices concur.