299 N.W.2d 812 (1980)
In the Matter of J. L. H. and P. L. L. H., Alleged Neglected or Dependent Children.
No. 13031.
Supreme Court of South Dakota.
Argued September 9, 1980.
Decided December 23, 1980.
*813 Roger C. Lerud, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.
C. J. Bormann of Bormann, Buckmeier & Bormann, Mobridge, for appellant, mother.
WOLLMAN, Chief Justice.
Appellant (mother) appeals from an order of adjudication and decree of disposition of the circuit court that adjudged two of her children to be neglected or dependent, resulting in termination of her parental rights. We reverse and remand.
Appellant is an unmarried American Indian woman residing in Mobridge, South Dakota. This appeal involves two of her three children: a son, J.L.H., and a daughter P.L.L.H., who were ages seven and two at the time of the trial.[1]
Appellant initially appeared in circuit court on May 22, 1979, in an action initiated before the effective date of the Indian Child Welfare Act of 1978 (25 U.S.C.A. § 1901 et seq.) (hereinafter the Act). In that action, the circuit court held that two *814 of appellant's children, P.L.L.H. and A.L.H., were neglected or dependent children. SDCL 26-8-6. As a result of that adjudication, appellant signed a probationary agreement in which she agreed to maintain a suitable home for her children, to abstain from excessive use of alcoholic beverages, to exclude from her home persons who may be intoxicated, and to make an effort to obtain employment. For reasons not set forth in the record, the parties failed to return to court within the ninety-day period set forth in the probationary agreement.
As a result, a local social worker signed a new petition on October 24, 1979, alleging that P.L.L.H. and J.L.H. were neglected or dependent children.[2] The circuit court complied with the notice requirements of the Act, retained jurisdiction, inasmuch as no request was made to transfer the case to appellant's tribe, and on November 7, 1979, held an adjudicatory hearing. The court found that appellant had neglected to provide a proper home for the two children, had failed to maintain sobriety, had failed to exclude intoxicated persons from her home, and had permitted her home to be used for the drinking of alcoholic beverages. The court concluded that the State's evidence established beyond a reasonable doubt that J.L.H. and P.L.L.H. were neglected or dependent children as defined by SDCL 26-8-6.
A dispositional hearing was held December 5, 1979, at which time the trial court ruled that the parental rights of appellant in J.L.H. and P.L.L.H. would be terminated. This appeal followed.
The Act, 25 U.S.C.A. § 1912(f) (Supp. 1979), sets forth the burden of proof that must be met before parental rights in an Indian child can be terminated:
No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.
In the case at bar, the trial court stated in its decree of disposition that "there is clear and convincing evidence that continued custody ... is likely to result in severe emotional and physical damage ..." and terminated appellant's parental rights in both J.L.H. and P.L.L.H. Because the trial court failed to apply the standard of proof required by the Act, we must reverse the decree and remand the case for further proceedings.
Appellant contends that the trial court erred in failing to file separate findings of fact and conclusions of law at the conclusion of the dispositional hearing. It is the State's contention, however, that the decree of disposition itself contains both findings of fact and conclusions of law and thus conforms with the statutory requirements. We do not agree.
We find Matter of A. P., 248 N.W.2d 878 (S.D.1976), dispositive of this issue. In that case, no findings of fact and conclusions of law were entered regarding the dispositional hearing. We noted that a decree in the form of a termination of parental rights is a judgment as defined by SDCL 15-6-54(a) and must be supported by findings of fact and conclusions of law. We held that the decree was not complete since there had been no waiver. See also Matter of S.J.Z., 252 N.W.2d 224, 226, n. 1 (S.D.1977). In the case at bar there was no waiver, therefore findings of fact and conclusions of law should have been entered. On remand, the circuit court should make separate findings of fact and conclusions of law in support of whatever decree of disposition is finally entered.
Appellant contends that there was insufficient evidence to justify the decision of the circuit court in terminating appellant's parental rights. Because we are remanding *815 for further proceedings, we make no ruling on the sufficiency of the evidence. We do note, however, that Congress made its intent clear in enacting the Act:
[I]t is the policy of this Nation to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs.
25 U.S.C.A. 1902 (Supp.1979).[3] Likewise, the Department of Interior has published guidelines for state courts to follow in Indian child custody proceedings. 44 Fed.Reg. 67584 (1979). Although these guidelines do not have the same legislative effect as regulations, they do represent the Department of Interior's interpretation of the Act. 44 Fed.Reg. 67584.
Finally, appellant contends that the doctrines of res judicata and collateral estoppel preclude the introduction of any evidence originating prior to the May 22, 1979, adjudication of P.L.L.H. and A.L.H. as neglected or dependent children. The circuit court admitted such evidence and also took judicial notice of the prior adjudication, the record of which is not before this Court. We conclude that the circuit court did not err in considering such evidence.
Appellant cites Matter of N.J.W., 273 N.W.2d 134 (S.D.1978), in support of her contention that the doctrines of res judicata and collateral estoppel apply to bar the reception of the challenged evidence. In Matter of N.J.W., the children were found not to be neglected or dependent children in a 1974 ruling. At a later adjudication, the trial court admitted evidence originating prior to the 1974 ruling. We held that the doctrine of res judicata applied. In the case at bar, however, P.L.L.H. and A.L.H. were found to be neglected or dependent children at the May 22, 1979, adjudication. Accordingly, the holding in N.J.W. is inapposite. See Matter of R.Z.F., 284 N.W.2d 879 (S.D. 1979). Additionally, we have held that an earlier adjudication of dependency and neglect of one child is relevant where the dependency and neglect of a second child is related to the same type of behavior that resulted in the earlier adjudication. Matter of R.Z.F., supra. Accordingly, the trial court did not err in admitting evidence originating prior to the earlier adjudication.
We have reviewed appellant's remaining contentions and find them to be without merit.
The decree of disposition is reversed, and the case is remanded to the circuit court for further proceedings.
DUNN, MORGAN and FOSHEIM, JJ., concur.
HENDERSON, J., concurs in result.
HENDERSON, Justice (concurring in result).
I join my colleagues in a reversal for two reasons: (1) the trial court failed to apply the proper standard of proof required by the Indian Child Welfare Act in a dispositional hearing; (2) SDCL 15-6-52(a) requires that the trial court "find the facts specially and state separately its conclusions of law thereon, * * *." While there is no statutory form prescribed, it is obvious that in this case the trial court attempted to encompass findings of fact and conclusions of law within an order of disposition. In S.J.Z., 252 N.W.2d 224, 226 (S.D.1977), in footnote one, we expressed:
Hereafter, we will require separate findings of fact and conclusions of law to be entered after the adjudication hearing and the dispositional hearing.
*816 I joined my colleagues in this Court's decision In re Guardianship of D.L.L. & C.L.L., 291 N.W.2d 278 (S.D.1980). I am bound by that decision and its legal impact on the Indian children of this state. However, I do not desire to marry myself to the tangential reference regarding the Department of Interior's guidelines. That Department's interpretation of the Indian Child Welfare Act is not law.
NOTES
[1] Appellant voluntarily terminated her parental rights in a third child, A.L.H., sometime prior to October 24, 1979.
[2] As indicated above, appellant had already voluntarily terminated her parental rights in A.L.H. At the time the second petition was filed, P.L.L.H. was under the care of the Department of Social Services because of unusual medical problems. J.L.H. was therefore the only child living with appellant at the time the new petition was filed.
[3] For a background of the purposes and intent of the Act, see Guerrero, Indian Child Welfare Act of 1978: A Response to the Threat to Indian Culture Caused by Foster and Adoptive Placements of Indian Children, 7 Am.Indian L.Rev. 51 (1979); Barsh, The Indian Child Welfare Act of 1978: A Critical Analysis, 31 Hastings L.J. 1287 (1980); Note, The Indian Child Welfare Act of 1978: Provisions and Policy, 25 S.D.L.Rev. 98 (1980). This Court recently rejected a multi-faceted constitutional attack on the validity of the Act. See Matter of Guardianship of D. L. L. & C. L. L., 291 N.W.2d 278 (S.D.1980).