**In the Matter of J.L.H. and P.L.L.H. Neglected or Dependent Children.**

**No. 13416.**

Supreme Court of South Dakota.

Submitted on Briefs Oct. 20, 1981.

Decided March 3, 1982.

Michael J. Williams, Asst. Atty. Gen., Pierre, for appellee State; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

C. J. Bormann of Bormann, Buckmeier & Bormann, Mobridge, for appellant mother.

MORGAN, Justice.

In this appeal, appellant mother is attacking the decree terminating her parental rights on the ground of insufficient evidence under the Indian Child Welfare Act, particularly section 1912(f) and, alternatively, as unrepresentative of the least restrictive alternative. We previously reviewed this case and remanded it in *Matter of J.L.H.*, 299 N.W.2d 812 (S.D.1980). Upon remand, the trial court took additional testimony and again entered its findings of fact and conclusions of law and dispositional decree terminating appellant mother's parental rights. The mother appeals and we affirm.

The parties agree that our scope of review on questions of sufficiency of the evidence is as set out in *Matter of A.M.*, 292 N.W.2d 103, 105 (S.D.1980);

> [T]he trial court's findings of fact cannot be set aside unless they are clearly erroneous and we are, after a review of all of the evidence, left with a definite and firm conviction that a mistake has been made. (citations omitted)

Section 1912(f) of the Indian Child Welfare Act provides,

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

■ Appellant raises three questions which arise from this provision. First, she contends that the record lacks evidence that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. The trial court specifically concluded,

> That [J.L.H.] and [P.L.L.H.] have suffered emotional and physical damage as the result of failure of their mother, [G.L.H.] to provide proper parenting, and that said children are neglected or dependent children, pursuant to SDCL 26–8–6.

Our review of the record reveals evidence of conduct by appellant and other persons in and about the residence which supports the trial court's findings.

■ Second, appellant contends that the trial court erred as to the burden of proof which the Act requires to be beyond a reasonable doubt. The case was originally remanded upon the grounds that the trial court had erroneously applied the standard of clear and convincing evidence. Appellant's brief specifically states, "on remittitur from the Supreme Court, the parties concurred that the parties understood that the trial court had made its prior decision using the standard required by the Indian Child Welfare Act." The trial court's decree specifically ordered termination based on the standard of evidence "beyond a reasonable doubt." It also concluded,

> That the evidence shows beyond reasonable doubt that continued custody of said children by [G.L.H.], should the same be restored to her, is likely to result in severe emotional and physical damage to them; that restoration of said children to her is not a viable alternative at this time, or in the foreseeable future. That they should be permanently removed from her care, custody and control.

In view of the decree's language and the trial court's conclusion this issue is frivolous.

■ Third, appellant urges that the testimony of Virginia Pearson, a social worker involved throughout the case, was inadequate to qualify her as an expert witness under section 1912(f). The educational qualifications of the social worker included a bachelor of science degree in business and "about fifteen hours in graduate study," most of which was in psychology or sociology. Appellant points out that she had no graduate degree in psychology, sociology or social work. South Dakota Codified Laws 19–15–2 permits qualification as an expert to be based on knowledge, skill, experience, training or education. The statute is drawn in the disjunctive. The trial court could and did take into consideration the witness' educational background coupled with her eleven years of experience in the field and ruled that she was qualified to testify as an expert. We recently held in *Buckley v. Fredericks*, 291 N.W.2d 770, 771 (S.D.1980), "The admissibility of a claimed expert's opinion is within the discretion of the trial court.... The trial court's ruling will be disturbed only in case of a clear abuse of discretion." The record reflects that the trial court took great pains to elicit the witness' experience and education to determine her qualifications to testify. We are of the opinion that the admission of expert testimony was clearly within the province of the trial court and was not an abuse of discretion on his part. Because we find

# 652

sufficient evidence in the record and sustain the burden of proof and evidentiary rulings, the evidence satisfied the requirements of section 1912(f).

■ We next consider appellant's argument that the trial court failed to employ the least restrictive alternative by terminating her parental rights. Admittedly, termination is the most restrictive alternative. Appellant's argument is rather ingenious. In essence, she argues that because the trial court did not terminate her rights under the standard of proof "by a preponderance," it cannot now terminate those rights under the standard of proof "beyond a reasonable doubt" where appellant's behavior had not changed substantially.

This argument has two defects. It assumes that the evidence in the prior hearings only met the lesser requirement of preponderance and not the higher requirement of beyond a reasonable doubt. It was the same trial judge in all instances. Further, if a trial court was lenient by employing less restrictive alternatives on earlier occasions, this posture should not prohibit the court from imposing more restrictive alternatives when the course of conduct continues and thwarts the effectiveness of the lesser alternatives. See, e.g., *Matter of A.I.*, 289 N.W.2d 247 (S.D.1980); *Matter of R.Z.F.*, 284 N.W.2d 879 (S.D.1979); *Matter of C.E.*, 283 N.W.2d 554 (S.D.1979); See also *People in Interest of T.L.J.*, 303 N.W.2d 800, 806 (S.D.1981); Cf. *Matter of J.L.H.*, 299 N.W.2d at 815. To rule otherwise would lock the trial court into a position that when a lesser alternative was employed to improve the situation, that a more restrictive alternative would be unavailable, even though additional complaints demonstrated that the earlier dispositions were ineffective to protect the child. This would discourage trial courts from using less restrictive alternatives.

We affirm the decree.

All the Justices concur.