In the Matter of S.H., Alleged Dependent Child.

Nos. 13998, 14000.

Supreme Court of South Dakota.

Argued May 23, 1983.

Decided Aug. 3, 1983.

Janice Godtland, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Lee R. Burd, Sioux Falls, for child S.H.

Michael H. Dow of Swanson, Carter & Dow, Sioux Falls, for appellant mother, T.H.

Pat Riepel of Minnehaha County Public Defender's Office, Sioux Falls, for appellant father, D.H.; Jeff Larson, Sioux Falls, on brief.

HENDERSON, Justice.

## ACTION

On February 17, 1982, the State of South Dakota, appellee, filed a complaint seeking a termination of the parental rights of appellant D.H. (father) and appellant T.H. (mother) in their child S.H. An adjudicatory hearing was conducted on July 22, 1982, wherein S.H. was found to be a dependent child. A September 16, 1982, dispositional hearing resulted in the termination of both appellants' parental rights in S.H. Appellants filed separate notices of appeal which were consolidated. We affirm.

## FACTS

S.H. was born on January 2, 1982. Twenty-six days after her birth, S.H. was readmitted to the hospital with a fractured leg. The trial court found that this was an intentional fracture "caused by a human

force twisting her foot either in or out while at the same time the leg above and the ankle were being held stationary or turned in the opposite direction from the foot." On February 20, 1982, she was released from the hospital and placed in foster care. As recommended by the South Dakota Department of Social Services, appellants concurrently began an extensive series of programs and visitation with S.H. On April 21, 1982, S.H. was returned to appellants. On April 23, 1982, a bruise was discovered on S.H.'s face. Medical testimony attributed S.H.'s bruise to an intentional slapping action. The trial court made a finding that S.H. suffered a slap to the side of her face which caused red lines and bruising. Evidence was adduced at both hearings that D.H. and T.H. had continuing problems controlling their temper which burst into violence. It is noted there was no evidence introduced that anyone other than the parents cared for S.H. when she was traumatized. During February 1982, D.H. struck T.H. in their home.

## ISSUES

### I.

APPELLEE MAINTAINS APPELLANTS DID NOT TIMELY APPEAL THE TRIAL COURT'S ORDER OF ADJUDICATION. WE DISAGREE.

### II.

APPELLANTS CONTEND THE TRIAL COURT ERRED IN FINDING S.H. TO BE A DEPENDENT CHILD UNDER SDCL 26–8–6. THERE WAS NO ERROR AS THE CHILD'S ENVIRONMENT WAS INJURIOUS TO HER WELFARE.

### III.

DID THE TRIAL COURT ERR IN TERMINATING APPELLANTS' PARENTAL RIGHTS IN S.H.? WE HOLD THAT IT DID NOT.

## DECISION

### I.

Counsel for S.H. contends that under SDCL 15–26A–6, this Court is without jurisdiction to hear any issues stemming from the Order of Adjudication because D.H. and T.H. appealed after the 60th day from the entry of the adjudicatory order.

■ It is correctly advocated by S.H. that the adjudicatory hearing and dispositional hearing constitute a bifurcated process with separate findings of fact and conclusions of law. In the *Matter of J.L.H.,* 299 N.W.2d 812 (S.D.1980). However, we also held in *Matter of J.L.H.,* 299 N.W.2d at 814, that it is the decree from the dispositional hearing that is a final judgment pursuant to SDCL 15–6–54(a). *See also, People in Interest of T.C.,* 278 N.W.2d 452 (S.D.1979). We have recently clarified and reaffirmed this view in *People in Interest of L.A.,* 334 N.W.2d 62 (S.D.1983). To allow the time for appeal to begin running with the entry of the order of adjudication would create unnecessary confusion, delay, and additional litigation. Appellants' entire appeal is properly before us, as both appellants appealed within 60 days from the order of disposition.

### II.

■ Appellants D.H. and T.H. assert that the trial court erred in finding S.H. a neglected and dependent child pursuant to SDCL 26–8–6. Our standard of review is that we will uphold a finding of fact unless it is clearly erroneous. *People in Interest of P.M.,* 299 N.W.2d 803 (S.D.1980). We note that the trial court applied the correct "clear and convincing evidence" standard at the adjudicatory stage. *People in Interest of S.H.,* 323 N.W.2d 851 (S.D.1982). *See also, Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Clear and convincing evidence is evidence that is so clear, direct, weighty, and convincing so as to allow the trier of fact to reach a clear conviction of the precise facts at issue, without hesitancy as to their truth. *Matter of J.W.W.,* 334 N.W.2d 513 (S.D.1983).

SDCL 26–8–6(3) defines a dependent and neglected child as one "[w]hose environment is injurious to his welfare." After examining the extensive testimony and evidence in the adjudicatory hearing portion of the settled record, we are convinced that it was established by clear and convincing evidence that S.H.'s environment with D.H. and T.H. was injurious to her welfare.

### III.

Appellants D.H. and T.H. contend the trial court erred because it failed to balance their rights in S.H. and did not employ a less restrictive alternative.

While the adjudicatory hearing looks to the past, the focus of the dispositional hearing is to look to the future. *Interest of P.M.*, 299 N.W.2d at 806. Although the primary focus of the dispositional court is the best interests of the child, the "termination of parental rights is a drastic, final step that should be exercised with great caution." *Matter of B.E.*, 287 N.W.2d 91, 95 (S.D.1979). As the United States Supreme Court held in *Santosky*, 455 U.S. at 753, 102 S.Ct. at 1394, 71 L.Ed.2d at 606:

> The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life.

Of course, the parents' fundamental right to their children is not absolute or unconditional. *Matter of V.D.D.*, 278 N.W.2d 194 (S.D.1979); *In re K.D.E.*, 87 S.D. 501, 210 N.W.2d 907 (1973). Therefore, at the dispositional stage, we have required that the fundamental right of parents to raise their children be balanced with the best interests of the child and the public. *Interest of P.M.*, 299 N.W.2d at 807; *Matter of J.M.A.*, 286 N.W.2d 324 (S.D.1979); *Matter of N.J.W.*, 273 N.W.2d 134 (S.D.1978).

Although the trial court failed to enter a specific finding upon the balancing of appellants' parental rights with the best interests of S.H. and the public, our review of the settled record inevitably leads us to the conclusion that the trial court properly balanced appellants' rights. In the interest of clarity and for purposes of judicial review, it is recommended that henceforth trial courts explicitly set forth their balancing process.

As for appellants' final dispositional argument, we are convinced that the trial court correctly employed the least restrictive alternative. SDCL 26–8–35; *People in Interest of T.L.J.*, 303 N.W.2d 800 (S.D. 1981). Appellants had an opportunity to rectify their conduct of violence to S.H. and were unsuccessful. The trial court of necessity was compelled to consider the life and limb of the child.

Appellants' other issue is nonmeritorious.

Affirmed.

All the Justices concur.