A petition was filed August 28, 1978, alleging that K.B., T.B., and S.B. were neglected children within the meaning of SDCL 26-8-6 and requesting the termination of parental rights of K.B. and L.B. After extensive hearings, the trial court filed written findings of fact and conclusions of law and entered an order of adjudication declaring K.B., T.B., and S.B. to be dependent children within the meaning of SDCL 26-8-6. The trial court then entered a decree of disposition ordering, among other things, that a guardian be appointed for the three children and have the right to place them in a suitable home. The decree allowed the parents visitation rights. From the order of adjudication and the decree of disposition, the parents appeal. We affirm.
Appellants contend that SDCL 26-8-6* denies them due process of law because it is unconstitutionally vague. We do not agree.
This Court has previously upheld the constitutionality of this statute in the light of similar contentions. Matter of B.E.,287 N.W.2d 91 (S.D. 1979); Matter of V.D.D., 278 N.W.2d 194 (S.D. 1979); Matter of N.J.W., 273 N.W.2d 134 (S.D. 1978); People inInterest of D.K., 245 N.W.2d 644 (S.D. 1976); Matter of D.T.,89 S.D. 590, 237 N.W.2d 166 (1975). We are not convinced by appellants' attempt to distinguish the case at bar from our earlier decisions.
Appellants also contend that they are denied due process of law because SDCL 26-8-22.5 does not prescribe a sufficient evidentiary standard in proving dependency or neglect. SDCL 26-8-22.5 provides that the allegations in the petition must be supported by a preponderance of the evidence in cases concerning neglected or dependent children. This Court has previously held that the preponderance of the evidence standard is constitutional, Matter of N.J.W., supra, and we see no reason to deviate from that position.
Appellants' final contention is that there is insufficient evidence to support the trial court's finding that K.B., T.B., and S.B. are dependent children within the meaning of SDCL 26-8-6.
The trial court found, among other things, that: 1) parent L.B. is seriously ill by reason of a nervous disorder; 2) parent K.B. is mentally deficient; 3) the children, who were ages thirteen, ten and eight at the time of the first hearing, are developmentally retarded and emotionally disturbed by reason of the frequent change of residence of the family and the inadequate and improper care provided by their parents; 4) two of the children are sexually dysfunctional by reason of sexual encounters between the parents and these children; 5) the parents are unable to provide proper parental care both by reason of their own inadequacies and by reason of their inability or refusal to perceive that their acts of omission and commission have caused the problems, rather than the reverse, as the parents insist; 6) the behavior and school performance of the children have improved substantially while the children have been in foster care.
There is sufficient evidence to support the findings of the trial court, and we therefore hold that the findings are not clearly erroneous. SDCL 15-6-52(a); In re Estate ofHobelsberger, 85 S.D. 282, *Page 412 181 N.W.2d 455 (1970). Moreover, we note that this case does not involve a permanent termination of parental rights. Although the children are now living in foster care homes, the trial court is to receive periodic reports on the status and progress of the children and the parents. Upon a showing of substantial improvement in parental capabilities and conduct, the trial court could, in its discretion, return the children to their parents. See People in Interest of D.K., supra.
The order of adjudication and the degree of disposition are affirmed.
All the Justices concur.
* SDCL 26-8-6 provides in pertinent part:
In this chapter unless the context otherwise plainly requires "neglected or dependent child" means a child:
 (1) Whose parent, guardian, or custodian has abandoned him or has subjected him to mistreatment or abuse;
 (2) Who lacks proper parental care through the actions or omissions of the parent, guardian, or custodian;
 (3) Whose environment is injurious to his welfare;
 (4) Whose parent, guardian, or custodian fails or refuses to provide proper or necessary subsistence, education, medical care or any other care necessary for his health, guidance, or well-being; or
 (5) Who is homeless, without proper care, or not domiciled with his parent, guardian, or custodian through no fault of his parent, guardian or custodian.