307 N.W.2d 131 (1981)
The PEOPLE of the State of South Dakota In the Interest of C.R.M., a Child and Concerning I.D.W., Father, and C.M., Mother.
No. 13298.
Supreme Court of South Dakota.
Submitted on Briefs May 28, 1981.
Decided June 17, 1981.
Janice Godtland, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.
James L. Waggoner of Walker, Lysaught & Waggoner, Rapid City, for appellant mother.
DUNN, Justice.
C.M. (mother) appeals from an adjudicatory order entered on October 7, 1980, in which the minor child C.R.M. was declared dependent and neglected and from the subsequent dispositional order entered on October 7, 1980, which placed C.R.M. in the custody of the South Dakota Department of Social Services (Department). We reverse and remand.
On February 11, 1980, the State filed a petition for temporary custody of C.R.M. This petition was granted. A subsequent petition seeking to have C.R.M. declared a dependent and neglected child was filed on April 9, 1980. An adjudicatory hearing concerning the latter petition was held on August 26, 1980, in which the trial court found C.R.M. to be a dependent and neglected child. A dispositional hearing was held on September 4, 1980, resulting in C.R.M.'s placement in the custody and control of the Department.
At the outset of these hearings the mother's counsel moved to dismiss the action alleging that the trial court failed to comply with the provisions of 25 U.S.C. § 1901-1963, otherwise known as The Indian Child Welfare Act of 1978 (the Act). These motions were denied. At the conclusion of these hearings the trial court made findings of fact and conclusions of law in support of each order. In neither hearing, however, did the trial court find that C.R.M. was a member of an Indian tribe or eligible for tribal membership, which would invoke the application of the Act[*] nor did it find that C.R.M. was not an Indian child.
*132 Before we can reach the issues raised by the mother we must determine whether the trial court should have complied with the provisions of the Act. We have consistently held that the Act and its protecting provisions must be complied with in state Indian child custody proceedings. Matter of J.L.H., 299 N.W.2d 812 (S.D. 1980); Matter of Guardianship of D.L.L. & C.L.L., 291 N.W.2d 278 (S.D.1980). This requires an initial determination of whether C.R.M. is an "Indian child." The only references in the record to whether C.R.M. is an "Indian child" are in the motions of the mother's counsel to dismiss the action, and in the proposed findings of the mother which state that "[C.M.] is a registered member of the Oglala Sioux Tribe; and [that C.R.M.] is eligible for membership in said tribe." There is no evidence in the record as to whether C.R.M. is an Indian child and the trial court did not make a finding on this issue. Therefore, we are not in a position to rule on whether the trial court properly denied the motion to dismiss for failure to comply with the Act. Failure to comply with the Act would leave the trial court without effective jurisdiction to proceed.
This case is remanded to the trial court for the purpose of making a determination of whether C.R.M. is an "Indian child" as defined in the Act. Accordingly, the orders appealed from are reversed and the case is remanded for further proceedings that are consistent with the dictates of this opinion.
All the Justices concur.
NOTES
[*] For the Act to apply it must first be determined if C.R.M. is an "Indian child," which is defined in 25 U.S.C. § 1903(4) as: "[A]ny unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]"