In the Matter of the Dependency and Neglect of D.A.B., and Concerning S.M., Mother.

No. 13363.

Supreme Court of South Dakota.

Considered on Briefs Sept. 28, 1981.

Decided Dec. 30, 1981.

Jeanne Reisenweber Lyke, East River Legal Services, Aberdeen, for appellant mother of D.A.B.

Janice Godtland, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

PER CURIAM.

In this action the child, D.A.B., was found to be dependent and neglected. The court terminated the parental rights of the mother (appellant) and she appeals. We affirm.

D.A.B. was born October 6, 1978, and resided with appellant and her husband. While in appellant's custody and the custody of his stepfather, D.A.B. received cuts and bruises on his head, face, shoulders, arms and legs. Some of the injuries appeared to be human bites and others appeared to be healing scars from cigarette burns. An x-ray revealed a healing broken rib. No medical attention had been sought for any of these injuries until a social worker had D.A.B. examined by a physician; all the injuries were observed at a single examination.

Appellant and D.A.B.'s stepfather were married in November of 1979, less than two months after they met. The stepfather had once assaulted appellant and bit off a portion of her nose. Despite this and other incidents of abuse, appellant continued to cohabit with her husband.

According to appellant, the trial court erred in these findings:

(1) appellant had a limited mental capacity and lacked the ability to properly care for her son;

(2) for many of the previous years a variety of public assistance agencies made efforts to assist appellant;

(3) between the adjudicatory and dispositional hearings appellant failed to cooperate with and responded indifferently to the assistance of the Department of Social Services;

(4) potential physical and emotional harm would result if the parent-child relationship continued.

An examination of the record does not reveal that any of the findings are clearly erroneous; therefore, they will not be set aside on appeal. SDCL 15–6–52(a). See *Matter of L.M.T.*, 305 N.W.2d 399 (S.D. 1981); *Matter of K.B.*, 302 N.W.2d 410 (S.D. 1981).

■ Appellant also contends that the termination of her parental rights was not the least restrictive alternative. We disagree. Appellant is dependent on assistance from a variety of agencies. Because of her failure to cooperate and indifferent attitude towards assistance efforts, no progress has been made in making her independent and able to provide proper parental care. " 'Where efforts to aid or counsel parents by the use of social services proves unavailing, termination of parental rights is justified.' " *People in Interest of T.L.J.*, 303 N.W.2d 800, 806 (S.D.1981); citing *Matter of A.I.*, 289 N.W.2d 247 (S.D.1980); *Matter of R.Z.F.*, 284 N.W.2d 879 (S.D.1979); *Matter of C.E. and D.E.*, 283 N.W.2d 554 (S.D. 1979). It is true that appellant had not abused the child. At the dispositional hearing, however, she testified that she was still associating with the abusive stepfather on a regular basis. The trial court found that potential harm would result if the parent-child relationship were to continue under these circumstances. Little purpose is served if a dependent and neglected child remains in such a potentially injurious environment. See Matter of L.M.T., supra; People in Interest of T.L.J., supra. These considerations made the termination of appellant's parental rights the only alternative the trial court had to protect the child. We uphold the trial court's determination that this child should not be subjected to an abusive relationship.

The order of disposition is affirmed.