**The PEOPLE of the State of South Dakota, in the Interest of S. R., A Child, and Concerning B. R.—Mother, K. A.—Father, E. B.—Maternal Grandmother and Indian Custodian.**

**No. 13601.**

Supreme Court of South Dakota.

Argued April 29, 1982.

Decided Sept. 1, 1982.

Janice Godtland, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Wayne Gilbert, Rapid City, for Child.

Mary Ellen McEldowney, Black Hills Legal Services, Rapid City, for Mother.

Scott Sumner, Rapid City, for Father.

Randal E. Connelly, Rapid City, for Grandmother and Indian Custodian.

FOSHEIM, Justice.

The issues in this case relate to the Dependent, Neglected and Delinquent Children Act, SDCL ch. 26–8, and the Indian Child Welfare Act of 1978 (ICWA), 25 U.S. C.A. § 1901 *et seq.* On August 21, 1980, the court adjudicated S. R. a dependent and neglected child within the meaning of SDCL 26–8–6. The ensuing Dispositional Order terminated the parental rights of the mother and awarded sole custody to the child's father. Both the mother and father are members of a Sioux Indian tribe. The mother (appellant) appeals from the Dispositional Order. We affirm.

Appellant asserts in her brief that the burden of proof at the adjudicatory hearing, under the ICWA, is clear and convincing; conversely, at oral argument she claimed the adjudicatory burden is beyond a reasonable doubt. We hold that, under the ICWA, dependency and neglect must be proved by clear and convincing evidence. Such a conclusion is indicated by reading together 25 U.S.C.A. § 1912(e) and (f).[1]

---

1. 25 U.S.C.A. § 1912(e) reads: No foster care placement may be ordered in such proceeding *in the absence of a determination, supported by* clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

   25 U.S.C.A. § 1912(f) reads: No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witness-

The clear and convincing burden is preferred as this lesser showing best protects the interests of the child, which is of paramount importance at the adjudicatory hearing. *People in Interest of D. K.*, 245 N.W.2d 644 (S.D.1976). Although the trial court did not state what standard of proof it applied, a careful review of the record of the adjudicatory hearing indicates the "serious emotional or physical damage" requirement of 25 U.S.C.A. § 1912(e) was proved by clear and convincing evidence. *See: People in Interest of P. M.*, 299 N.W.2d 803 (S.D.1980); *Matter of S. J. Z.*, 252 N.W.2d 224 (S.D.1977).

This brings us to these issues regarding the Dispositional Order terminating appellant's parental rights: (1) whether active efforts were made to prevent the breakup of the family; (2) whether termination was supported by the requisite burden of proof; and, (3) whether termination was the least restrictive alternative.

■ Concerning the first issue, the ICWA, 25 U.S.C.A. § 1912(d), states:

Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

This section does not specify a burden of proof. However, we assume that the same burden required to prove serious emotional or physical harm under § 1912(f), beyond a reasonable doubt, would also be required to prove active efforts by the party seeking termination. The trial court found that while the child was placed with a foster parent, and later the father, appellant made no effort to exercise consistent visitation although she knew the opportunity for visitation was always available. The trial court found that appellant was provided with various types of assistance and direction in caring for her child, yet she failed to exhibit any interest in proffered help or in expanding her knowledge of caring for her special needs child. The trial court also found that it was apparent that appellant would not respond in the future to any additional offers of assistance and that further active efforts towards improvement would be fruitless.

Although the trial court did not so find, it appears appellant's paint huffing addiction was the cause of her inability to function as a parent. Repeated efforts were made to impress upon appellant the vital importance of taking advantage of available treatment programs. The evidence indicates she spurned help and chose rather to deny her addiction. The frustration met by those trying to help appellant was expressed by Rosalie Good Bear, an expert witness: "[I]t's been my experience in working with huffers and chemically dependent children that active efforts can only go so far and that if the client himself or herself is not open or does not recognize the problem and is not open to any kind of treatment, then it's unlikely that it would be successful."[2] After reviewing the record we conclude that the trial court's findings concerning active efforts are supported by evidence beyond a reasonable doubt.

■ The next issue is whether the burden of proof was met to terminate appellant's parental rights under the ICWA. The ICWA, 25 U.S.C.A. § 1912(f), states:

No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

es, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

2. *In Matter of R. Z. F.*, 284 N.W.2d 879 (S.D. 1979), we held that unsuccessful efforts to rehabilitate a paint huffing parent justified termination of parental rights.

The trial court found that the circumstances were such as would warrant, beyond a reasonable doubt, a termination of the parental rights of appellant. We recognize that review under the beyond a reasonable doubt standard is more demanding than under the clear and convincing standard and we have considered the evidence accordingly. *City of Sioux Falls v. Wolf*, 79 S.D. 519, 114 N.W.2d 100 (1962); *State v. Liberman*, 59 N.D. 252, 229 N.W. 363 (1930). In addition to the findings detailed under the active efforts issue, the trial court found that appellant had rarely seen the child in the two years since her birth, other than in the first three months of the child's life, and that during those three months the child's grandmother provided extensive care of the child. The trial court found that the child has special needs and that her potential for adequate development would be extremely doubtful, if not totally improbable, were appellant given custody, control or involvement with the child in any way. The trial court found that it is essential that the child receive the benefit of a secure, permanent and loving environment, free from disruption; but that the sporadic, inconsistent contact appellant would exercise, were she given access to the child, would diminish the child's ability to properly grow and bond to other individuals which is so necessary for a healthy development. The trial court found that appellant is an entirely unfit mother for the child, showing no sense of responsibility or significant degree of interest in the child, and that the child would be irreparably damaged by further contact with appellant in a parental relationship. The trial court also found that Edel Isaac and Rosalie Good Bear[3] were experts within the purview of the ICWA and that their testimony indicated that there would be serious emotional and physical damage to the child if she were returned to the custody of appellant. After carefully reviewing the evidence, we hold that the "serious emotional or physical damage" requirement was proved beyond a reasonable doubt.

■ Finally appellant argues, citing *Matter of B. E.*, 287 N.W.2d 91 (S.D.1979), that the least restrictive alternative was not followed in terminating her parental rights to the child. In *Matter of B. E.* at 95, we stated:

We are acutely aware that termination of parental rights is a drastic, final step that should be exercised with great caution.... We must be mindful of the fact that the needs of the child must take priority over the wishes of the parent. To mandatorily impose a less restrictive alternative in each instance as a prerequisite for termination would thwart this underlining principle in cases where immediate termination is the only viable means to insure that the best interests of the child are protected.... When confronted with this issue, we must determine pursuant to the principle laid down in *Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960), whether the court erred in concluding, based on the findings of fact resulting from the dispositional hearing, that no narrower or less restrictive means were available to provide for the best interests and welfare of the child other than to terminate the parental right. *Matter of N. J. W.* [273 N.W.2d 134], *supra*. SDCL 26–8–35 provides less intrusive measures which the court can consider as an alternative to terminating parental rights. If, on a review of the record, it appears that the state's compelling interest in the well-being and welfare of the children can reasonably be insured by less intrusive means, we must order that those alternatives first be implemented.

This issue is closely tied to whether the evidence met the beyond a reasonable doubt standard needed to support a finding of serious emotional or physical damage under

---

**3.** Appellant argues that the trial court erred in qualifying these witnesses as experts under the ICWA. We find this argument without merit. Based on the qualifications these witnesses testified to, the trial court did not abuse its discretion in accepting their testimony as expert. *Buckley v. Fredericks*, 291 N.W.2d 770 (S.D. 1980).

25 U.S.C.A. § 1912(f).[4] Because we believe the evidence supports the trial court's findings detailed above, and especially its findings that appellant was unresponsive to efforts to assist her and that the child would be irreparably damaged by further contact with appellant in a parental relationship, we believe the trial court had no reasonable alternative other than termination. The trial court's Dispositional Order clearly reflects the State's compelling interest in the well-being and welfare of the child and, under the circumstances of this case, we do not see how the child's welfare could be insured by less intrusive means.

While termination of appellant's parental rights was unfortunate, the spirit of the ICWA was nevertheless fulfilled. The policy of the ICWA, as stated in 25 U.S.C.A. § 1902, is:

> [T]o protect the best interests of the Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture[.]

The trial court's Dispositional Order gave the child's father, also an Indian within the meaning of the ICWA, sole custody, care and control of the child. That disposition was based on a finding, supported by the evidence, that the father is providing the child an appropriate environment with the level of attention and love the child's special needs require.

Issues not discussed are without merit or unnecessary to discuss in view of our decision and the record before us. The trial court's Dispositional Order is affirmed.

All the Justices concur.

4. While we recognize the similarity between the two issues, the ICWA does not require consideration of the least restrictive alternative to termination of parental rights. Therefore the State need not prove beyond a reasonable doubt that termination is the least restrictive alternative.