325 N.W.2d 840 (1982)
In the Matter of K.A.B.E. and K.B.E., Alleged Dependent Children.
No. 13461.
Supreme Court of South Dakota.
Argued January 19, 1982.
Decided October 27, 1982.
*841 Donald N. Srstka of Lacey & Srstka, Sioux Falls, for appellant-mother, B.B.E.
Mary Sue Donohue of Donohue & Donohue, Sioux Falls, for Alleged Dependent Children, K.A.B.E. and K.B.E.
Janice Godtland, Asst. Atty. Gen., Pierre, for State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.
HENDERSON, Justice.

ACTION
Appellant, the mother of K.A.B.E. and K.B.E., appeals the trial court's order of adjudication which found K.A.B.E. and K.B.E. dependent children and the decree of disposition which terminated the parental rights of appellant and also of the children's respective fathers. We affirm.

FACTS
Evidence was introduced that on March 5, 1979, the police found K.B.E., age 3 months, and K.A.B.E., age 17 months, alone in a roach-infested, dirty apartment. On July 12, 1979, appellant after a day of drinking, left the children with a friend to babysit. It was subsequently discovered that the friend raped K.A.B.E. The child was hospitalized and released for home treatment.
K.A.B.E. was readmitted to the hospital on July 28, 1979, for diarrhea, dehydration, fibrillar seizure, and shigella. The child was hospitalized for 10 days during which appellant rarely visited. K.B.E. also developed shigella.
A social worker visited the family on May 1, 1980, and found both children were unclean *842 and K.A.B.E. had several bruises. It was also noted that appellant had been drinking. The social worker contacted the police and the children were removed and provided medical treatment. The children were returned to appellant on May 13, 1980. On a May 22, 1980 visit, a social worker discovered a bruise on K.A.B.E.'s forehead.
K.A.B.E. was found wandering alone on June 27, 1980. The child's breath smelled of alcohol. A social worker went to appellant's residence and found that appellant was intoxicated and had been severely beaten. K.B.E. was removed from the residence. The children were returned to appellant on June 30, 1980, and that same day the children were picked up wandering alone. On July 24, 1980, appellant called a social worker to her home. Appellant told the social worker that her boyfriend had beaten her and had thrown K.A.B.E. across the room. Appellant agreed to have her children placed in foster care and the children were placed in foster homes.
Appellant had sporadic visitation with the children. A hearing was held on November 26, 1980, at which appellant stated she was going to start attending Alcoholics Anonymous meetings. She attended two sessions. At a January 28, 1981 hearing, appellant again stated that she was going to get help for her drinking problem; appellant admitted that she had three drinks prior to the hearing. Based on the evidence, the trial court found the children dependent and terminated appellant's parental rights.

ISSUES

I.
Did the trial court have jurisdiction of K.A.B.E. and K.B.E. under the Indian Child Welfare Act of 1978? We hold that it did.

II.
Did the trial court apply the correct standard of proof at the adjudicatory stage of the proceedings? Since the trial court did not state the standard it used, we have reviewed the record and hold that the standard of "clear and convincing evidence" is met.

III.
Did qualified expert witnesses testify at the dispositional hearing in compliance with the Indian Child Welfare Act of 1978? We hold that they did.

IV.
Did the trial court err in admitting into evidence referrals provided to the Department of Social Services as a business records exception to the hearsay rule? We hold that it did not.

V.
Did the trial court err in failing to require at the dispositional hearing a social study report in accordance with SDCL 26-8-22.11? We hold that it did not.

VI.
Was the evidence sufficient to support a termination of parental rights? We hold that it was.

DECISION

I.
As we have so recently stated, the provisions of the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C.A. § 1901 et seq., must be complied with in Indian child custody proceedings. People in Interest of C.R.M., 307 N.W.2d 131 (S.D.1981) (C.R.M.); see also Matter of J.L.H., 299 N.W.2d 812 (S.D.1980); Matter of Guardianship of D.L.L. & C.L.L., 291 N.W.2d 278 (S.D.1980). The ICWA requires an initial determination by the trial court that the children are Indian children. C.R.M., 307 N.W.2d at 132. Here, the trial court failed to enter a formal finding of fact that K.A.B.E. and K.B.E. were Indian children. We admonish trial courts in this state to explicitly hereafter enter such a finding. We distinguish the case at bar from C.R.M. in that there is evidence in this record establishing that the concerned children were Indians within the meaning of ICWA. The trial court indicated from the bench that it was bound by the ICWA. There were no objections by *843 either counsel to this remark. Furthermore, the mother was denominated a "native American" in both the adjudicatory and dispositional findings of fact; there is no doubt that K.A.B.E. and K.B.E. are her biological children. The mother has one-half Indian blood (Lower Brule Tribe) and the father of K.B.E. is a full-blooded Indian. K.A.B.E.'s father is Caucasian. Thus, the concerned children were eligible for membership in the Lower Brule Tribe per that tribe's regulations and both are the biological children of a member of an Indian tribe. We note that the mother's counsel took a legal stance in pleadings filed below that the concerned children were Native Americans and the mother belonged to the Lower Brule Tribe. Counsel for the children now questions, in this Court, the jurisdiction of the trial court urging that there was no determination by the trial court that the children were Indians under the ICWA. Yet, the children's counsel asks this Court that the decree terminating parental rights be affirmed for "the children's best interests." We are satisfied that the pleadings, evidence, statements of counsel, statements of the trial court, and findings support that a determination was made that the children were indeed Indians under the ICWA. We further direct that petitions be prepared hereafter alleging (and thus carry the burden of proving) that the concerned children are Indian children under the ICWA, if such be the case. If such allegation is not in the petition and a party to the proceeding thereafter asserts that the children are under the ICWA, the burden of proof is upon the party who asserts it.

II.
The trial court failed to set forth the standard of proof which it applied at the adjudicatory stage of the proceedings. This Court has recently stated that the standard of proof necessary for an adjudication of dependency and neglect termination of parental rights is "by clear and convincing evidence." People in Interest of S.H., 323 N.W.2d 851 (S.D.1982). Likewise, the standard of proof for Indian children under the ICWA is also "by clear and convincing evidence". 25 U.S.C.A. § 1912(e) and (f). People in Interest of S.R., 323 N.W.2d 885 (S.D.1982) (S.R.).
After closely scrutinizing the record of the adjudicatory hearing, we hold that the findings made by the trial court at the adjudicatory stage are supported by clear and convincing evidence. S.R., 323 N.W.2d at 888; see also People in Interest of P.M., 299 N.W.2d 803 (S.D.1980); Matter of S.J.Z., 252 N.W.2d 224 (S.D.1977). Ample evidence exists of appellant's child abuse, inadequate supervision, and alcoholism.

III.
Appellant maintains that the dispositional hearing below was flawed because testimony was not elicited from a qualified expert witness. In relevant part, the ICWA provides:
No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt,including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.
25 U.S.C.A. § 1912(f) (Supp.1981) (emphasis ours).
The witnesses who testified were a social worker with the South Dakota Department of Social Services and the Director of the Children's Inn in Sioux Falls. The social worker has worked as such for over four years. She has a bachelor of arts degree in social work and has had contact with Indians on a regular basis. The Children's Inn is a shelter and resource center for children and parents involved with child abuse. The Director has a bachelor of science degree in social work and a year towards her master's degree. Approximately 30% of the children utilizing the Children's Inn are Indians.
We do have firm guidance as to whom shall be expert witnesses in South Dakota:
`A witness is an expert witness and is qualified to give expert testimony if the judge finds that to perceive, know or *844 understand the matter concerning which the witness is to testify, requires special knowledge, skill, experience or training and that the witness has the requisite special knowledge, skill, experience or training.' The qualifications and competency of a witness to give opinion evidence is primarily in the discretion of the trial court and his ruling in determining qualifications will not be disturbed unless there is no evidence that the witness had the qualifications of an expert or the trial court has proceeded upon erroneous legal standards.
State v. Riiff, 73 S.D. 467, 475, 44 N.W.2d 126, 130 (1950) (citations omitted).
The trial court ruled that both the social worker and the Director were experts. We hold that sufficient evidence exists as to the qualifications of both witnesses under the ICWA.

IV.
Appellant contends that the trial court erred in admitting into evidence referrals provided to the Department of Social Services. Appellant believes that allowing the referrals into evidence pursuant to SDCL 19-16-10, the business records hearsay exception, prejudiced her because she was precluded from cross-examining each individual who made a particular referral. However, appellant fails to realize that one of the purposes of SDCL 19-16-10 is to preclude the type of personal cross-examination that appellant claims she was entitled to. Plank v. Heirigs, 83 S.D. 173, 156 N.W.2d 193 (1968). Thus, we find appellant's contention without merit.

V.
Appellant contends the trial court erred in failing to require at the dispositional hearing a social study report. SDCL 26-8-22.11 provides:
After making an order of adjudication, the [trial] court shall hear evidence on the question of the proper disposition best serving the interests of the child and the public.
Such evidence shall include, but not necessarily be limited to, the social study and other reports.
We addressed this same issue in Matter of A.I., 289 N.W.2d 247 (S.D.1980), wherein we stated:
Appellant disputes the disposition because no written social study was introduced into evidence as required by SDCL 26-8-22.11.... Assuming, however, the absence of a social report had been timely noted, such error would not be prejudicial. The investigating social worker testified at length and was carefully cross-examined. That essentially fulfilled the same function as a written social report. Indeed, the added opportunity to cross-examine provided greater protection for appellant's rights.
289 N.W.2d at 249. (Cf.,Henderson, J., concurrence in result.)
Here, the social worker was present and made her recommendation at the January 28, 1981 dispositional hearing. Following her recommendation, the social worker was cross-examined by appellant's counsel. Hence, we dismiss appellant's contention thus holding the trial court did not err at the dispositional stage of the proceedings.

VI.
The record establishes that the trial court used the "beyond a reasonable doubt" standard in terminating the custodial rights of the mother and expressly stated so in Conclusion of Law II. This is the correct measure of proof under the ICWA. Matter of J.L.H., 299 N.W.2d 812 (S.D.1980). The mother contends the findings of fact arising from the dispositional hearing are not supported by the evidence. We disagree. The facts overwhelmingly reveal child abuse, inadequate child supervision, and alcoholism on appellant's behalf. The trial court's dispositional findings simply track the evidence in the record. Appellant's burden is to establish that the trial court's findings are clearly erroneous. SDCL 15-6-52(a); People in Interest of T.L.J., 303 N.W.2d 800 (S.D.1981); Matter of A.M., 292 N.W.2d 103 (S.D.1980). She has not met that burden.
Affirmed.
All the Justices concur.