334 N.W.2d 62 (1983)
The PEOPLE of the State of South Dakota In the Interest of L.A. and W.A., Children and Concerning J.A., Mother.
No. 13737.
Supreme Court of South Dakota.
Argued March 22, 1983.
Decided May 25, 1983.
*63 Randal E. Connelly, Rapid City, for children L.A. and W.A.
Todd Schweiger, Rapid City, for appellant mother.
Janice Godtland, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.
MORGAN, Justice.
The trial court below entered an order of termination which terminated J.A.'s parental rights of her daughters, L.A., ten years of age and W.A., six years of age. J.A. appeals from that order and we affirm.
The A. family, of which L.A. and W.A. are the youngest members, first came to the attention of authorities in the State of Florida in April, 1976. In October, 1976, all four children in the family (K.A., son, fourteen years of age at that time; P.A., daughter, twelve years of age; L.A., daughter, four years of age; and W.A., daughter, infant) were removed from the custody of their parents due to sexual abuse of the two oldest children. Subsequently, P.A. and W.A. were returned to the custody of J.A. and in June, 1979, J.A. and her two daughters moved to Rapid City, South Dakota. Later that year, L.A. who had been in foster care and receiving counseling for three years, was returned to the custody of her mother. South Dakota Department of Social Services (Department) supervised L.A.'s placement with J.A. In 1980, Department social workers noted the home situation had deteriorated. In June, 1980, a police officer picked up a lost child, W.A., then three years of age. He described W.A. as filthy, wearing a dress, but no shoes, socks, or underwear. The police officer finally located her house and although W.A. had been absent from her house for well over two hours, J.A. did not know she was missing. Another police officer reporting on this incident described the house as filthy, with animal feces and clothing on the floor, having a bad odor, and with dishes that had not been washed for several days.
In August, 1980, a Department social worker saw L.A. and W.A. a mile from J.A.'s house. The social worker immediately contacted J.A., who told the social worker that L.A. and W.A. had gone to the store a block and a half away. L.A. and W.A. were later found at a friend's home. In March, 1981, J.A. left W.A., then four years of age, alone at home all day after 10:30 a.m. When L.A., then eight years of age, arrived home after school she and her sister went to the neighbors to stay until the police located J.A. In May, 1981, L.A. and W.A. went home one evening at 10:00 p.m. after playing with friends and found the house locked. It was raining and J.A. was not at home. L.A. and W.A. went to the neighbors who then called the Department. Department placed the children in foster care.
On August 31, 1981, Judge Grosshans of the Seventh Judicial Circuit adjudicated L.A. and W.A. as dependent and neglected children. Witnesses at the adjudicatory hearing testified to the poor condition of the house, that the house was filthy, with animal feces, cockroaches and maggots, and *64 testified to J.A.'s lack of supervision of her children. Witnesses also testified to the condition of the children, that they were dirty, hungry, and inappropriately dressed for winter weather. At the adjudicatory hearing the circuit court awarded custody to Department. On October 13, 1981, the circuit court terminated J.A.'s parental rights over L.A. and W.A. J.A. appeals from that order of termination.
The issues on this appeal are whether the trial court applied the proper standard of proof at the adjudicatory and dispositional hearings and also, whether the evidence presented by the State meets this standard of proof.
Initially, we note this was an appeal from an order subsequent to a dispositional hearing which was held pursuant to SDCL 26-8-22.10. When a court previously adjudicates a child to be neglected or dependent, the court thereafter must enter a decree of disposition. SDCL 26-8-35. A dispositional order is the final order in a dependency or neglect proceeding. An order of adjudication subsequent to an adjudicatory hearing, see SDCL 26-8-22.10, is not a final order but may be appealed as an intermediate appeal by leave of the court. See SDCL 15-26A-3(6); SDCL 15-26A-13. As we have firmly held, separate findings of facts and conclusions of law are required for adjudicatory and dispositional orders. Matter of J.L.H., 299 N.W.2d 812 (S.D.1980) aff'd on appeal after remand, 316 N.W.2d 650 (S.D.1982); People in Interest of P.M., 299 N.W.2d 803 (S.D.1980); People in Interest of D.C., 252 N.W.2d 232 (S.D.1977); Matter of S.J.Z., 252 N.W.2d 224 (S.D.1977); Matter of A.P., 248 N.W.2d 878 (S.D.1976). See Matter of K.A.B.E., 325 N.W.2d 840 (S.D.1982). Although J.A. appeals only from the dispositional order, since it is the final order in the dependency and neglect proceeding, the adjudicatory order is also before us on this appeal.
The first issue on appeal is whether the trial court applied the correct standard of proof at the adjudicatory hearing. In Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the Supreme Court held that the correct standard in fact-finding and dispositional proceedings to permanently terminate parental rights is "clear and convincing" evidence. Thereafter, this court in People in Interest of S.H., 323 N.W.2d 851 (S.D.1982), adopted the "clear and convincing" standard of Santosky. Interest of S.H., supra, was an action to terminate parental rights involving an appeal from adjudicatory and dispositional orders. This court in S.H. remanded both orders in light of Santosky's requirement to apply the "clear and convincing" standard.
Previous to Santosky and S.H., the standard applied at an adjudicatory proceeding was by "preponderance of the evidence." See People in Interest of T.L.J., 303 N.W.2d 800 (S.D.1981). Since the adjudicatory hearing before us was held prior to the Santosky and S.H. decisions, the trial court applied the preponderance of the evidence standard.[*] In S.H., where we adopted the "clear and convincing" standard mandated by Santosky, supra, we held:
Because no final decisions should have been made in reliance on the validity of decrees terminating parental rights in cases that are on direct appeal, we conclude that the Santosky decision should apply to all cases pending on direct appeal to this court at the time of the announcement of the new standard.
323 N.W.2d at 852 (footnotes omitted) (emphasis in original). Consequently, while the trial court applied the proper standard of "preponderance of the evidence," as required by the then existing law, the subsequent Santosky, supra, and S.H., supra, decisions require application of the "clear and convincing" standard to this evidence. See, *65 e.g., In the Matter of S.S., T.D., D.D. and S.D., 323 N.W.2d 852 (S.D.1982); In the Matter of M.S.M., 320 N.W.2d 795 (S.D.1982).
While we remanded some of our recent child dependency and neglect decisions for findings and conclusions commensurate with the clear and convincing standard, see, e.g., S.H., supra; S.S., supra, in other dependency and neglect proceedings we carefully reviewed the record to determine whether the evidence meets this standard. See, e.g., People in Interest of S.R., 323 N.W.2d 885 (S.D.1982); Matter of K.A.B.E., supra. This court has defined clear and convincing evidence as:
[i]ts technical meaning has been expressed as "the witnesses must be found to be credible, that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."
Cromwell v. Hosbrook, 81 S.D. 324, 329, 134 N.W.2d 777, 780 (1965) (citations omitted).
The evidence in the record before us is quite clear. J.A. repeatedly left L.A. and W.A. alone without supervision. L.A. and W.A. were found wandering the streets on four different occasions. On one occasion, J.A. left for the night and locked L.A. and W.A. out of the house. That night one of the neighbors called the Department of Social Services and as a result the children were placed in foster care.
Additionally, while the children were in J.A.'s custody, the neighbors and P.A. undertook responsibilities of caring for the children such as bathing and feeding them. The record also shows that J.A. did not give the children emotional support or affection. The children sought affection from adults and exhibited behavior typical of emotionally neglected children. When it was time for the children to return home from the neighbors, the children screamed and cried and clung to the neighbors. The evidence undeniably shows that J.A. did not spend any time with her daughters. As a result of J.A.'s omissions, L.A. and W.A. suffered emotional neglect.
Further, the record shows J.A. ignored the cleanliness of the children and of the house. The witnesses described the children as being dirty and wearing dirty and inadequate clothes. The house was usually in disarray, with cockroaches and maggots. Since J.A. did not fix regular meals for the children, they were often hungry and would ask the neighbors for food.
Finally, the evidence shows J.A. did not provide even minimal parenting needs for L.A. and W.A. J.A. did not spend time talking with the children, was unable to set limits for the children, and failed to provide appropriate discipline. The record shows the Department of Social Services provided J.A. with counseling, a parent aid, a protective payee and with services such as the commuter service, the energy program, parenting classes and counseling at the mental health center. Nonetheless, J.A. failed to improve in her treatment of L.A. and W.A.
From our careful review of the record, we hold that the State proved by clear and convincing evidence that L.A. and W.A. were dependent and neglected children and we affirm the adjudication order which so states.
Subsequent to the adjudication order, the trial court held a dispositional hearing as required in SDCL 26-8-22.10. Thereafter, the trial court entered findings of fact and conclusions of law based upon the clear and convincing standard and the dispositional order terminating J.A.'s parental rights. On appeal, J.A. now challenges the trial court's application of the "clear and convincing" standard contending that the trial court violated her due process rights when it failed to notify her that it would review the evidence at the dispositional hearing on the "clear and convincing" standard. J.A. apparently believed the standard to be applied at the dispositional hearing to terminate parental rights was the lesser standard, "by preponderance of the evidence." Rather, the trial court correctly applied the *66 higher standard, by "clear and convincing evidence." By applying the higher standard, the trial court placed a greater burden upon the State and afforded greater, not less, protection to J.A. of her due process rights. See Santosky, supra. We find this argument to be specious.
In a dispositional hearing, the court considers "evidence on the question of the proper disposition best serving the interests of the child and the public." SDCL 26-8-22.11. We have long held that in dispositional hearings the court must apply the least restrictive alternative. Matter of D.A.B., 313 N.W.2d 787 (S.D.1981); People in Interest of T.L.J., 303 N.W.2d 800 (S.D.1981). Such alternatives, short of termination, includes placing the child in the custody of a parent, guardian, or relative with conditions imposed, placing the child in a foster home, or ordering treatment by a physician or psychiatrist.
We note that J.A. does not attack the sufficiency of the evidence to support the findings of fact or conclusions of law resulting in the dispositional order under the clear and convincing standard. Accordingly, we affirm the trial court's dispositional order based upon clear and convincing evidence.
We affirm the judgment below.
All the Justices concur.
NOTES
[*] At the time the trial court made its order of adjudication, SDCL 26-8-22.10 provided, in pertinent part: "When the court finds that the allegations of the petition are supported ... by a preponderance of the evidence in cases concerning neglected or dependent children, the court shall sustain the petition and make an order of adjudication ...." (Emphasis supplied.) H.B. 1011, 1983 Legislative Assembly, 58th Session (1983) amended this statute to require proof by "clear and convincing evidence."