In this dependency and neglect action the mother, R.H. (mother), stipulated to the dependency and neglect of her child, B.R.B. (child). She appeals from the dispositional order terminating her parental rights.
The evidence is unclear about whether the mother and child are members of or are eligible for membership in the Cheyenne River Sioux Tribe. Nevertheless, the mother proposed a finding that the child was an Indian child. The trial court, in writing, refused to enter such a finding, however. The tribe declined jurisdiction without indicating the eligibility status of either the mother or child. See 25 U.S.C.A. § 1911(b).
One of the mother's contentions is that the trial court failed to apply the Indian child Welfare Act (ICWA). Specifically, she argues that the trial court's decision to terminate was not supported "by evidence beyond a reasonable doubt . . . that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C.A. § 1912(f). Before a trial court applies this standard of proof and finds serious damage to the child, some evidence must show that the child is an Indian and that the ICWA applies. "The ICWA requires an initial determination by the trial court that the children are Indian children." In reK.A.B.E., 325 N.W.2d 840, 842 (S.D. 1982). Absent the initial determination that the child was Indian, the trial court was not required to apply the ICWA in entering its order. Cf. Applicationof Angus, 60 Or. App. 546, 655 P.2d 208 (1982) (Evidence supported trial court's application of ICWA in a habeas corpus proceeding by Indian parents to regain custody of Indian child.); Matter ofAppeal in Maricopa County, 136 Ariz. 528, *Page 285 667 P.2d 228 (Ariz. App. 1983) (ICWA was not applicable in adoption proceeding where no proof in the record showed that child was Indian and the trial court entered no finding.), citing K.A.B.E.,supra. Hence, the trial court correctly applied the clear-and-convincing standard of proof. See In re J.W.W.,334 N.W.2d 513 (S.D. 1983); In re S.H., 323 N.W.2d 851 (S.D. 1982).
A summary of the facts is sufficient to dispose of the mother's combined contentions that the evidence was not sufficient to support termination of her parental rights as the least restrictive alternative. She claims that the grandmother's offer to take custody of B.R.B. and raise him was another alternative, despite the fact that the grandmother worked full-time. Because the mother lived with her mother, who was the child's grandmother, placement with the maternal grandmother was not a solution the court was required to experiment with. "The least restrictive alternative must be viewed from the child's point of view." In re J.S.N., 371 N.W.2d 361, 365 (S.D. 1985); see also Inre P.B., 371 N.W.2d 366, 367 (S.D. 1985). Viewed from the child's perspective, returning the child to the grandmother was nothing more than returning the child to the mother — a mother whom the trial court found had a serious drinking problem for twelve years with cycles of sobriety and drinking; was emotionally unstable and had attempted suicide three times; could not care for her children on occasion because of her drinking problem; had habitually missed AA and counseling sessions under several case plans proposed by the Department of Social Services; had never had a stable living arrangement since B.R.B. was born; and who had problems keeping her older children in school.
The Department's attempts to improve the mother's situation all failed. See e.g., In re P.B., supra; In re D.H., 354 N.W.2d 185
(S.D. 1984). These failed attempts to improve the mother's situation coupled with B.R.B.'s improvement and development while in foster care made termination of the mother's parental rights the least restrictive alternative in this case.
The trial court's order is affirmed.
HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.