**In the Matter of the Dependency and Neglect of N.A.H. and K.A.H., and Concerning Their Parents M.A.H. and R.W.**

**No. 15750.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 4, 1987.

Decided Jan. 20, 1988.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for M.A.H.

Portia K. Brown of Morrill & Brown, Rapid City, for N.A.H. and K.A.H.

Roger A. Tellinghuisen, Atty. Gen., and Janice Godtland, Asst. Atty. Gen., Pierre, for appellee, State of S.D.

PER CURIAM.

M.A.H. (Mother) appeals from a dispositional order which terminated her parental rights and those of R.W. (Father) to their

daughters, N.A.H. and K.A.H. Father has not appealed. We reverse.

Mother is an enrolled member of the Oglala Sioux Tribe and Father is apparently affiliated with the Crow Tribe of Montana. N.A.H. and K.A.H. are Indian children entitled to the benefits and protections of the Indian Child Welfare Act. (ICWA) 25 U.S.C. §§ 1901–1963. On appeal, Mother argues that the state failed to prove its case beyond a reasonable doubt, as required by ICWA. However, we need not address Mother's issue, since the trial court did not have jurisdiction to terminate her parental rights.

The ICWA requires that in any involuntary proceedings in a state court, "the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention ..." 25 U.S.C. § 1912(a). We have consistently ruled that the provisions of the ICWA must be complied with in Indian child custody proceedings. *Matter of K.A.B.E.*, 325 N.W.2d 840 (S.D.1982); *People in Interest of C.R.M.*, 307 N.W.2d 131 (S.D.1981).

Here, neither the Oglala Sioux Tribe nor the Crow Tribe received proper notice of the dispositional hearing. Although the notice sent to the Oglala Tribe indicated that Mother's parental rights could be terminated, it did not inform the tribe of its right to intervene in the case. The record is also devoid of any evidence showing that notice to the Oglala Tribe of the dispositional hearing was sent by registered mail with return receipt requested. The Crow Tribe did not receive any notice of the dispositional hearing in this case.

The ICWA is primarily a jurisdictional statute, 1978 U.S.Code Cong. & Admin. News 7530, 7541; J. McCahey, *Child Custody & Visitation Law and Practice*, § 29.03[4] (1987); and this court must examine jurisdictional questions whether presented by the parties or not. *Lehr v. Dept. of Labor*, 391 N.W.2d 205 (S.D.1986); *Long v. Knight Const. Co.*, 262 N.W.2d

207 (S.D.1978). Therefore, even though Mother did not raise the notice question on appeal, we conclude that inadequate notice to the tribes divests the trial court of jurisdiction to terminate parental rights to these Indian children; consequently, this court has no jurisdiction to address the merits of the case. We reverse the order terminating parental rights and remand for a new hearing after proper notice is given to all parties. *See Matter of L.A.M.*, 727 P.2d 1057 (Alaska 1986). At a minimum, notice must conform to the standards found in 25 U.S.C. § 1912(a). Better practice would be to follow the Bureau of Indian Affairs guidelines set forth at 44 Fed.Reg. 67588 (1979). *Matter of S.Z.*, 325 N.W.2d 53 (S.D. 1982) (footnote 1).

Reversed and remanded.