# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00676-CV

### B. O. and T. S., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-FM-11-000425, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants T.S. (hereinafter "Father") and B.O. (hereinafter "Grandmother") filed this accelerated appeal from the district court's final order terminating Father's parental rights to his minor children T.S. and A.S. and denying Grandmother's request to be named possessory conservator of her grandchildren T.S. and A.S. Father's court-appointed counsel filed a brief concluding that Father's appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967) (court-appointed counsel who finds appeal to be wholly frivolous should so advise court and request permission to withdraw, which request should be accompanied by brief referring to anything in record that might arguably support appeal); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). In four issues, Grandmother complains that the trial court erred by: (1) concluding that the Indian Child Welfare

Act did not apply to the case; (2) excluding evidence of T.S.'s and A.S.'s Native American heritage; (3) excluding evidence regarding an agreement between the Texas Department of Family and Protective Services ("the Department") and T.S. and A.S.'s mother; and (4) excluding evidence regarding an agreement between the Department and the father of A.C., the half sister of T.S. and A.S. We will affirm.

## DISCUSSION

### Termination of Father's Parental Rights

Father's court-appointed counsel filed a brief concluding that his appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See also Taylor*, 160 S.W.3d at 646-47. Counsel has certified to this Court that he provided Father with a copy of the *Anders* brief and a notice of his right to examine the appellate record and file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that Father's appeal is frivolous and without merit. Finding nothing in the record that might arguably support an appeal, we grant counsel's motion to withdraw and affirm the order terminating Father's parental rights to T.S. and A.S.

### Denial of Grandmother's Request to be Named Possessory Conservator

Because it is unnecessary to our disposition of the issues presented in Grandmother's appeal, we will not recount the procedural or factual background of this case or discuss the evidence

2

presented at trial. *See* Tex. R. App. P. 47.1. Rather, we will directly address the four issues raised by Grandmother.

### *Application of the Indian Child Welfare Act*

Grandmother first complains that the trial court erred by concluding that the Indian Child Welfare Act (ICWA), 25 U.S.C.A. §§ 1901-1963 (West 2001), did not apply to this case. The ICWA was passed in response to "an alarmingly high percentage of Indian families" who are "broken up by the removal, often unwarranted, of their children from them by nontribal public and private agencies" and the "alarmingly high percentage of such children" who were being "placed in non-Indian foster and adoptive homes and institutions." *Id.* § 1901(4). The ICWA applies to all state child-custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved. *See id.* § 1912(a). An "Indian child" is defined as an "unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." *Id.* § 1903(4). Among other things, the ICWA requires that the State meet a higher burden of proof before the trial court may terminate the relationship between an Indian child and his parent. *See id.* § 1912(f) ("No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence *beyond a reasonable doubt,* including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." (Emphasis added.)).

There is no dispute that T.S. and A.S. are neither members of an Indian tribe nor eligible for membership and therefore do not meet the ICWA's definition of an "Indian child."

3

Nevertheless, Grandmother contends that the ICWA applies because Father is a member of an Indian tribe. She maintains that because one of the stated purposes for the statute is "to promote the stability and security of Indian tribes and families," *see id.* § 1902, the ICWA should apply to a proceeding involving an "Indian family"[1] even if the child that is the subject of the proceeding does not meet the definition of "Indian child."

This issue involves statutory construction and presents a question of law that we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective in statutory construction is to give effect to the legislature's intent. *See id.* We find that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). "Where text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *Shumake*, 199 S.W.3d at 284; *Alex Sheshunoff Mgmt. Servs. v. Johnson*, 209 S.W.3d 644, 651-51 (Tex. 2006)). Only when the statutory text is ambiguous do we resort to rules of construction or extrinsic aids. *Entergy Gulf States, Inc.*, 282 S.W.3d at 437.

Grandmother argues that the statute contains textual support for her position; specifically, she points to the definition of a "child custody proceeding" contained in section 1903. That definition identifies four types of proceedings that are considered "child custody proceedings" for purposes of the ICWA:

> (i) "foster care placement" which shall mean any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian

---

[1] The ICWA does not include a definition for the term "Indian family."

custodian cannot have the child returned upon demand, but where parental rights have not been terminated;

(ii) "termination of parental rights" which shall mean any action resulting in the termination of the parent-child relationship;

(iii) "preadoptive placement" which shall mean the temporary placement of an Indian child in a foster home or institution after the termination of parental rights, but prior to or in lieu of adoptive placement; and

(iv) "adoptive placement" which shall mean the permanent placement of an Indian child for adoption, including any action resulting in a final decree of adoption.

ICWA § 1903(1). Grandmother asserts that because the term "Indian child" is not used in subsection (ii), the fact that no Indian child is involved does not preclude application of the ICWA when the proceeding is one to terminate parental rights and, as is the case here, the case involves an "Indian family." This argument, however, overlooks the plain expression of legislative intent found in the statute's definition of the term "parent." Section 1903(9) defines "parent" as "any biological parent or parents *of an Indian child* or any Indian person who has lawfully adopted *an Indian child*, including adoptions under tribal law or custom." *Id*. § 1903(9) (emphasis added). Thus, by its own terms, the ICWA applies only when the relationship sought to be terminated is one between an "Indian child" and his biological or adoptive parent, provided the adoptive parent is an "Indian" person.[2] Here, because his children are not "Indian children," Father is not a "parent" as that term

---

[2] The ICWA defines the term "Indian" as "any person who is a member of an Indian tribe, or who is an Alaska Native and a member of a Regional Corporation as defined in section 1606 of Title 43." 25 U.S.C.A. § 1903(3) (West 2001).

5

is defined in the statute. Therefore, the ICWA does not apply to a proceeding to terminate his relationship with his non-Indian children.[3] We overrule Grandmother's first issue.

### *Exclusion of Evidence Regarding T.S and A.S.'s Native American Heritage*

In her second issue, Grandmother contends that the trial court erroneously excluded evidence of the children's Native American heritage. Grandmother argues that because the trial court sustained an objection lodged when counsel for Father stated during opening argument that the evidence would show that Father was of Native American ancestry, there was a "chilling effect" on the presentation of evidence regarding the children's heritage and therefore the jury was deprived of information about the children's Native American background. We are unable to consider this argument, however, because neither Father nor Grandmother preserved it for appellate review.

To complain on appeal that the trial court erroneously excluded evidence, Grandmother must have offered the evidence during trial and obtained an adverse ruling from the trial court. *Ulogo v. Villanueva*, 177 S.W.3d 496, 501 (Tex. App.—Houston [1st Dist.] 2005, no pet.). While Grandmother contends that early rulings by the trial court had a "chilling effect" on the presentation of evidence regarding the children's heritage, she does not identify any instance in

---

[3] Numerous other courts have held that the ICWA is triggered only when the child at issue meets the statutory definition of "Indian child." *See, e.g.*, *Michael J., Jr. v. Michael J., Sr.*, 7 P.3d 960, 962 (Ariz. App. 2000) (ICWA applies to "child custody proceeding" involving an "Indian child"); *In re Maricopa Cnty. Juvenile Action No. A-25525*, 667 P.2d 228, 231 (Ariz. App. 1983) (prerequisites for application of ICWA are that proceeding is "child custody proceeding" and child involved is "Indian child"); *In re Crystal K.*, 276 Cal. Rptr. 619, 620 (Cal. App. 1990) (ICWA applicable to petition by Indian child's non-Indian mother to terminate parental rights of child's Indian father); *In re B.R.B.*, 381 N.W.2d 283, 284 (S.D. 1986) (ICWA requires initial determination by court that child is Indian child).

which the trial court refused to admit such evidence when she offered it. Consequently, there is nothing to complain of on appeal. *See* Tex. R. App. P. 33.1(a)(1)(A).

Moreover, to the extent that the trial court's rulings may have caused evidence to be excluded, Grandmother failed to make the substance of the evidence known to the trial court through an offer of proof. *See R.F. v. Texas Dep't of Family & Protective Servs.*, 390 S.W.3d 63, 71 (Tex. App.—El Paso 2012, no pet.) (when ruling excludes evidence appellant must make offer of proof showing substance of evidence to preserve error). While the reviewing court may sometimes be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling, we cannot, without an offer of proof, determine whether exclusion of the evidence was harmful. *See Fletcher v. Minnesota Mining & Mfg. Co.*, 57 S.W.3d 602, 608 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Thus, when evidence is excluded by the trial court, the proponent of the evidence must preserve the evidence in the record in order to complain of the exclusion on appeal. *Id.* at 606; *see* Tex. R. Evid. 103(a), (b). If the party fails to make an offer of proof, it must introduce the excluded testimony into the record by a formal bill of exception. *See Southwest Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494-95 (Tex. App.—Fort Worth 1999, pet. denied). Failure to demonstrate the substance of the excluded evidence through an offer of proof or bill of exception results in waiver of any error in its exclusion. *See id.* at 494; *see also* Tex. R. App. P. 33.1(a)(1)(B).

In the present case, Grandmother did not offer the evidence she contends should have been admitted and consequently did not obtain a ruling excluding that evidence. Nor did she make

an offer of proof or a bill of exception. Consequently, Grandmother has waived this complaint for review, and we overrule the second issue. *See* Tex. R. Evid. 103; Tex. R. App. P. 33.1(a)(1)(B).

### *Exclusion of Evidence Regarding Agreement Between Children's Mother and the Department*

In her third issue, Grandmother asserts that the trial court erred by refusing to admit evidence regarding a mediated settlement agreement between the Department and T.S. and A.S.'s mother. On appeal, Grandmother contends that, by sustaining objections to evidence regarding the agreement, her "ability to introduce relevant and pertinent evidence for the jury's review" was impacted. Again, Grandmother has waived any complaint regarding the exclusion of evidence regarding an agreement between the Department and the children's mother by failing to make an offer of proof or bill of exception. We overrule Grandmother's third issue.

### *Exclusion of Evidence Regarding Agreement Between Department and Different Father*

In her fourth issue, Grandmother asserts that the trial court erred by excluding evidence regarding an agreement between the Department and the father of T.S. and A.S.'s half sister A.C. According to Grandmother, the Department agreed that A.C.'s father could have "certain rights" to his daughter. Grandmother maintains that the Department took an "inconsistent position" with respect to Father by insisting that termination of his parental rights was necessary to achieve "permanence" for the children. Grandmother argues that she should have been permitted to introduce evidence of the agreement with A.C.'s father in order to impeach a Department witness who testified that termination was required. Such evidence would only constitute impeachment evidence, however, if Grandmother established sufficient similarity between A.C.'s father's

8

circumstances with respect to A.C. and Father's circumstances with respect to T.S. and A.S. Grandmother made no such showing by offer of proof or otherwise. Consequently, we are unable to conclude that the trial court abused its discretion in refusing to admit into evidence, for impeachment purposes, the agreement between the Department and A.C.'s father. We overrule Grandmother's fourth issue.

## CONCLUSION

Having overruled Grandmother's four issues, and having agreed that Father's appeal is frivolous and without merit, we affirm the trial court's order of termination.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: April 12, 2013

9