SEVERSON, Justice
(concurring specially.)
[¶34.] The circuit court in this case found many of the facts beyond a reasonable doubt where that was not the correct standard of proof and failed to find certain facts beyond a reasonable doubt where applying that high standard is required. This may indicate that confusion exists on the applicable standards of proof in abuse or neglect proceedings, including those where- ICWA applies. I write specially to clarify the standards of proof by which the court must issue certain findings. •
[¶ 35.] ICWA does not replace South Dakota statutes and case law addressing abused or neglected children but adds an additional dimension when child custody is an issue for an Indian child. Regardless of the applicability of ÍCWA, a court must determine whether a child is abused or neglected. The “State must prove by clear and convincing evidence that a child is dependent and neglected.” In re J.A.H., 502 N.W.2d 120, 123 (S.D.1993). See SDCL-26-8A-27. ■
[¶ 36.] ' In certain cases, ICWA applies to the custody decisions that a court is making. See 25 U.S.C. § Ch. 21.' If a court is placing Indian children in foster care, 25 U.S.C. § 1912(e) applies^ It provides: “No foster care placement may be ordered in such proceedings in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.” 25 U.S.C. § 1912(e) (emphasis added).
[¶ 37.] If a court subsequently terminates parental rights at a final dispositional hearing, 25 U.S.C. § 1912(f) applies. Subsection (f) does not allow termination of parental rights absent “a determination, supported by evidence beyond a .reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.”
[¶ 38.] SDCL 26-8A-21 requires reasonable efforts by DSS “to make it possible for the child to return to the home of the child’s parents, guardian, or custodian.” *106 However, if ICWA applies, then DSS must make active efforts. ICWA provides:
Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.
25 U.S.C. § 1912(d) (emphasis added). Subsection (d) does not set forth that the court must be satisfied beyond a reasonable doubt. However, this Court has determined that the same burden in subsection (f) should apply to a finding of active efforts to provide remedial and rehabilitative efforts. See In re S. R., 323 N.W.2d 885, 887 (S.D.1982) (“[W]e assume that the same burden required to prove serious emotional or physical harm under § 1912(f), beyond a reasonable doubt, would also be required to prove active efforts by the party seeking termination.”); In re P.S.E, 2012 S.D. 49, ¶ 22, 816 N.W.2d 110, 117 (“We ... hold that the ‘active efforts’ requirement of § 1912(d) imposes a higher standard than the ‘reasonable efforts’ of SDCL 26-8A-21.”), Therefore, the court must find beyond a reasonable doubt that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent' the breakup of the Indian family and that these efforts have proved unsuccessful.
[¶ 39.] In all cases, our state law further requires that, prior to termination of parental rights, the court find termination to be the least restrictive alternative commensurate with the best interests of the child with due regard for the rights of the parents. SDCL 26-8A-27 provides:
On completion of a final dispositional hearing regarding a child adjudicated to be abused or neglected, the court may enter a final decree of disposition terminating all parental rights of one or both ■ parents of the child if the court finds, by clear and convincing evidence, that the least restrictive alternative available commensurate with the best interests of the child with due regard for the rights of the parents, the public and the state so requires.
(Emphasis'added.)
[¶ 40.] Therefore, I concur in the opinion of the Court but write to address the standards of proof for abuse and neglect proceedings, including those cases where the Indian Child Welfare Act is applicable.